[Civ. No. 4723. First Appellate District, Division One.—November 18, 1924.]

J. W. BAYARD et al., Appellants, v. CHARLES F. HARRIMAN, Respondent.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — PERSONAL INJURIES—VERDICT—EVIDENCE—APPEAL.—In this action for damages for personal injuries resulting from a collision of automobiles, the verdict in favor of defendant is conclusive on appeal in view of the fact that there is evidence to support it.

[2] ID.—CONFLICT IN EVIDENCE—APPEAL.—In such action, where there is a conflict in the evidence the appellate court will not review either the verdict of the jury in favor of defendant or the action of the trial court in denying plaintiff's motion for a new trial.

---

(1) 28 Cyc., p. 47 (Anno.).     (2) 4 C. J., p. 866, sec. 2841.

APPEAL from a judgment of the Superior Court of Alameda County. Mortimer Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dunn, White & Aiken for Appellants.

Louis V. Crowley and Ford & Johnson for Respondent.

TYLER, P. J.—This action was one brought to recover damages for personal injuries claimed to have been received through the negligent operation of an automobile driven by defendant. Plaintiffs are husband and wife, and the injuries complained of were suffered by the wife. They consisted of a fracture of the left hand and certain cuts and bruises on the face and knee which, it is alleged, incapacitated her from work. Damages were claimed in the sum of twelve thousand five hundred dollars on account of such injuries, but the husband in addition thereto seeks consequential damages in the sum of three thousand dollars. Defendant denied the alleged negligence, and affirmatively charged plaintiffs with contributory negligence. The case was tried before a jury, which rendered a verdict in favor of the defendant. Motion for a new trial was made and denied, and this is an appeal from the judgment. [1] Insufficiency of the evidence to warrant the same is the only ground relied upon for a reversal.

In support of their claim of negligence plaintiffs proved in substance that between 5 and 6 o'clock on the evening of the day the accident occurred they had left their home in an Overland automobile and were proceeding in a southerly direction toward Oakland Avenue along the westerly side of Grand Avenue in the city of Oakland at a moderate rate of speed. Grand Avenue runs in a general northerly and southerly direction and is approximately fifty-six feet from curb to curb. The accident occurred near a point where Grand Avenue intersects Oakland Avenue. The latter thoroughfare runs in a general easterly and westerly direction and is about forty feet from curb to curb. The grade of Grand Avenue for some distance immediately east of its intersection with Oakland Avenue is eleven per cent. When plaintiffs had arrived at a point some eighty or ninety feet from the intersection of the thoroughfares mentioned they observed a limousine approaching from the east on Oakland Avenue at a

high rate of speed. At the same time they also noticed defendant's car on Grand Avenue approaching its intersection with Oakland Avenue from the south. At this moment defendant swerved his car to the left and toward the east curb of Grand Avenue. At this time, so they testified, plaintiffs were about eight feet from the curb, and had stopped their car in order to give the defendant an opportunity to pass. Defendant cleared the limousine, passing ahead of it, but collided with plaintiffs' car. Immediately afterward the husband, who was operating the same, charged defendant with being drunk and with having in consequence caused the collision. Both plaintiffs testified that defendant admitted he was in the wrong, giving as an excuse that he had "lost his head." This, in effect, was all the evidence introduced by plaintiffs going to prove the manner of the accident.

Defendant, on the other hand, testified that as he approached Oakland Avenue he was on the right-hand side of Grand Avenue going north and traveling at the rate of between fifteen and twenty miles per hour; that as he neared the intersection of the two streets he observed the limousine traveling at a high rate of speed down the grade on Oakland Avenue and that, confronted with this situation, he turned his course slightly to the left in order to widen the distance between his car and the limousine and afford him a greater opportunity of avoiding collision with it. In doing so he was of the opinion that he did not cross the center line of Grand Avenue. He cleared the limousine but immediately collided with plaintiffs' car which, he testified, was in the middle of Grand Avenue.

Other testimony is to the effect that if the Bayard car had not been turned into the center of the street no collision would have occurred. There was also testimony given by different witnesses which placed the position of the cars after the collision as being in the center of Grand Avenue, they being head on, the right wheels of the northerly bound car and the left wheels of the southerly bound one being a little to the east of the center line thereof. Defendant himself further testified that he was not a drinking man and that he had not taken any liquor for months prior to the accident. His dazed condition, it was testified by a physician who took him home immediately after the accident, was due to

the shock and injuries he had received from the impact of the two machines. He had suffered a broken breastbone, a broken rib, and cuts on his leg, and his head was thrown forward on the steering-wheel, which was bent by the impact. His jawbone was split and he was in a confused condition. The physician who treated him swore positively that he had not taken any liquor. There was also testimony to show that at the time of the accident both machines were in motion.

Under these facts it is defendant's contention in support of the judgment that he did everything possible to avoid a collision and was in no manner negligent.

There is a conflict in the evidence as to just where the accident took place. In support of their case plaintiffs claim that they were on the side of Grand Avenue where they belonged approximately ten feet from the westerly curb, and that they had stopped their car in order to avoid a collision. Upon this subject, as already indicated, defendant and his witnesses testified that the collision took place in the center of the highway, with a portion of the plaintiffs' car on the easterly side thereof. There was also evidence to the effect that their car was not at a standstill, but was traveling at the rate of some fifteen to twenty miles an hour at the time of the collision. There was likewise a conflict in the evidence as to whether or not the defendant or the driver of the limousine had the right of way at the crossing.

The determination of all these questions, therefore, was a matter for the jury in the first instance, and they found in defendant's favor. The denial of plaintiffs' motion for a new trial was an affirmance by the trial court of the findings by the jury. [2] There being a conflict in the evidence this court will not review either the verdict of the jury or the action of the trial court (*Whitelaw* v. *McGilliard*, 179 Cal. 349 [176 Pac. 679]). If the position of the parties were reversed, and the defendant here had been the plaintiff seeking to recover for the injuries which he received, and had been successful, we would be in no position to disturb the verdict. If the jurors believed—as they evidently did—that plaintiffs, with full knowledge of all the surroundings of the parties and the situation of the different machines, deliberately drove out beyond the center of the highway and directly in the path of defendant's approaching car, they

were fully authorized to conclude that this act constituted negligence which directly contributed to the collision, and, accordingly, to render the verdict which they did. In any event, it is not for us to say that the jury, and the trial judge to whom the matter was presented on motion for a new trial, erred in their conclusions (*Holcomb* v. *Breitkrentz*, 180 Cal. 17 [179 Pac. 162]). There being evidence in the record to sustain the verdict, it is conclusive here.

The judgment is affirmed.

St. Sure, J., and Knight, J., concurred.

[A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 15, 1925.