[L. A. No. 4482. Department Two.—December 4, 1918.]

## REID WHITELAW, Respondent, v. GIDEON D. McGILLIARD, Appellant.

NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE—MANNER OF ACCIDENT—CONFLICT OF TESTIMONY—APPEAL.—In an action for damages for personal injuries received by the rider of a motorcycle in a collision with an automobile, where there was a conflict of testimony regarding the exact point and the precise manner of the contact, it is not the province of the appellate court to review the conclusion reached by the jury upon such testimony, if there be any rational basis for the verdict.

ID.—PROXIMATE CAUSE OF INJURY—FAILURE TO SLOW DOWN IN AP-
PROACHING STREET INTERSECTION.—In an action for personal inju-
ries received by a rider of a motorcycle in a collision with an auto-
mobile at the intersection of two city streets, the proximate cause
of the injury cannot be said to be due to the failure of the plaintiff
to yield the right of way, where the defendant was going at an
unlawful rate of speed and did not slow down as required by law
in approaching the intersection.

ID.—RIGHT OF WAY—CROSSING OF INTERSECTING STREET WITHOUT SLOW-
ING DOWN—DUTY NOT ASSUMED.—The rule regarding right of way
does not impose upon the person crossing the street the duty of
assuming that the other will continue across an intersecting street
without slowing down, as required by law.

ID.—VIOLATION OF RULE OF ROAD.—If the driver of such motorcycle was
violating the rule of the road by being on the wrong side of the
street, it cannot be justly said as a matter of law that such viola-
tion, if any, was the proximate cause of his injury.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Curtis D. Wilbur, Judge.    Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Richard T. Lightfoot, for Respondent.

MELVIN, J.—Plaintiff was awarded by a jury one thou-
sand dollars damages for personal injuries, and judgment was
entered accordingly. From said judgment and from the
order denying his motion for a new trial defendant appeals.

The accident occurred at the intersection of Broadway and
Temple Street, in the city of Los Angeles. Defendant's son,
a young man seventeen years of age, was driving defendant's
automobile at an admittedly unlawful rate of speed, that is,
from twenty to twenty-five miles an hour, northward on the
east side of Broadway, and he did not modify the speed of
the motor vehicle as he approached the intersection of Broad-
way and Temple Street. Plaintiff was crossing Broadway
at Temple Street, coming from the west on a motorcycle.
The two vehicles came into collision east of the central point
of the intersection of the two streets. There was a conflict

of testimony regarding the exact point and the precise manner
of the contact. Some of the witnesses testified that the
motorcycle ran into the automobile, others that the left front
wheel of the motor car struck the motorcycle, dismounting
the rider, and that the rear wheel of the larger vehicle passed
over his legs. Of course, it is not the province of this court
to review the conclusion reached by the jury upon such testi-
mony, if there be any rational basis for the verdict.

According to plaintiff's testimony, as he was proceeding
at a very low rate of speed across Broadway a truck was
going south on that street. He passed behind the truck a
little south of the center line of Temple Street. He was then
moving, he said, at the rate of about four miles an hour.
When he emerged from behind the truck he saw the automo-
bile moving north on the east side of Broadway at a rate
of twenty to twenty-five miles an hour. (Anything over
ten miles an hour at such an intersection was contrary to
ordinance.) He further testified: "When I saw the auto-
mobile first I was only about four feet from it. The auto-
mobile came in contact with my motorcycle, the left front
wheel of the automobile striking the motorcycle which I was
riding. I did not hear any signal given by the automobile,
no gong or blowing of horn. The collision occurred a little
north of the center of Temple Street and on the west side of
Broadway." The witness also testified that as soon as he
saw the approaching automobile he did all in his power to
stop the motorcycle.

The testimony of the young man who was driving the motor
car was not entirely consistent. Upon his cross-examination
he said: "I saw the motorcycle when it was about four feet
from me. I did not slacken the speed of the car as I went
up Broadway and I did not blow any horn." But upon his
direct examination he had testified, among other things:
"When I had reached a point at about ten feet to the south
of the southeast corner of Temple Street and Broadway I
first noticed the motorcycle. I knew I had the right of way
and so I proceeded right along. The motorcycle was, at the
time I first saw it, about the same distance beyond the inter-
section of Temple and Broadway on the west. The motor-
cycle looked to me as though it would pass behind me, as I
had about cleared the railroad tracks in the center of Temple

Street going north, and was several feet north of the center of Temple Street on the west side of Broadway when the motorcycle, which was coming down the center of Temple Street, took a sharp turn to the north and struck the automobile on the running-board just back of the front wheel.''

The local ordinance, which was introduced in evidence, provided that the drivers of vehicles traveling north and south had the right of way over those proceeding east and west, and it is argued that since the plaintiff was violating that ordinance by failing to yield the right of way, and was disobeying the rule of the road by seeking to cross Broadway north of the middle line of Temple Street extended, his own negligence was the proximate cause of his injury, and that, therefore, the judgment should not be allowed to stand. There is no force in this argument. The jury may have believed the first statement of defendant's son, which placed him about forty feet from the median line of Temple Street extended and ten feet from the south line when he saw the plaintiff already passing across the street. The plaintiff could not be expected to yield the right of way to one so far away, whose duty it was to slow down in crossing the intersection. When the defendant's son drove the vehicle upon that space he was going at an unlawful rate of speed, which he maintained. The rule regarding right of way does not impose upon the person crossing the street the duty of assuming that the other will continue across an intersecting street without slowing down, as required by law. It is clear that if the defendant's son had been going at a lawful rate of speed, or had slowed down as required by law, there would have been ample opportunity for the safe passage of the motorcycle. If the driver of the motorcycle was violating the rule of the road by being north of the median line of Temple Street extended across the intersection, it cannot be justly said as a matter of law that such violation, if any, was the proximate cause of the injury. The questions of the defendant's negligence and the plaintiff's alleged contributory negligence were duly submitted to the jury upon instructions of which we find no criticism in the brief of appellant. It was a case in which the jury might determine

from the evidence whether there had been negligence or not and who was guilty thereof.

Judgment and order affirmed.

Wilbur, J., and Lorigan, J., concurred.

Hearing in Bank denied.

Sloss, J., Melvin, J., Wilbur, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.