[Civ. No. 3123. First Appellate District, Division Two.—December 10, 1919.]

## J. C. McMULLEN et al., Respondents, v. L. M. DAVENPORT, Appellant.

[1] NEGLIGENCE—COLLISION OF AUTOMOBILE AND PEDESTRIAN—ACTION FOR DAMAGES—CONTRIBUTORY NEGLIGENCE — EVIDENCE. — In this action by a husband and wife for damages for personal injuries to the wife caused by being struck by an automobile driven by the defendant while crossing a city street, the wife was not guilty of contributory negligence. as a matter of law, but the question was one for the jury, and the admitted physical facts and the testimony of the plaintiffs were sufficient to warrant the jury in finding that there was no contributory negligence on the part of the wife.

[2] ID.—PEDESTRIAN CROSSING STREET—RIGHTS AND DUTY OF.—Where such injured party, after having passed the center of the street, turned and looked in the direction from which the automobile which struck her came and ascertained that apparently there. was no danger, it was not negligence on her part to turn and look ahead of her as she proceeded across the street. She had a right to expect that an automobile would not suddenly emerge from a concealed position within fifty feet of her, going at a speed of over twenty miles an hour, and without sounding any warning, strike her within less than fifty feet from the point where it emerged into view.

---

2. Reciprocal duty of operator of automobile and pedestrian to use care, notes, 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1187; 51 L. R. A. (N. S.) 990.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. M. Meyers and Leslie E. Clawson for Appellant.

Davis, Kemp & Post for Respondents.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $1,250 in an action for damages sustained by reason of personal injuries suffered by Catherine McMullen. The injuries were caused by being struck by an automobile driven by the defendant. The automobile was being driven along East Fourth Street, in the city of Los Angeles, at its intersection with Mott Street, at about 7 o'clock in the evening. The plaintiffs, husband and wife, were walking on the easterly sidewalk of Mott Street, going south. About the time the plaintiffs reached the northerly side of East Fourth Street, a street-car approached from the west, coming easterly along the southerly track (the track farthest from the plaintiffs) of the street-car line on East Fourth Street, and defendant approached Mott Street coming in the same direction on the southerly side of the street and on the southerly side of the street-car track. East Fourth Street, it is stipulated, is at that point about eighty feet wide, including the sidewalks on each side, and Mott Street is about fifty feet wide. There was a light at the intersection of the streets and it was sufficiently light to see clearly. It appears that the automobile was hidden from the view of the plaintiffs up to the time the car stopped on the west side of Mott Street—and at that point the automobile passed the car and crossed the street. The main question argued by the appellant is that the plaintiff, Catherine McMullen, was guilty of contributory negligence as a matter of law. The answer to this question also disposes of several of the objections of the appellant in regard to instructions, as well as the objection that the evidence is insufficient to sustain the verdict. It is stated by appellant that the testimony shows that Catherine McMullen was looking at the street-car to see whether or not it would stop; that she never looked for automobiles; that she recklessly and carelessly

took several steps forward from the center of the street-car track, where she was standing when the gong on the street-car was sounded for it to start, without looking for automobiles. [1] It is argued that, under these circumstances, Catherine McMullen was guilty of contributory negligence as a matter of law, and the question of negligence was not one for the jury. But we think the testimony is susceptible of a different construction, which the jury was justified in giving it. The defendant testified that his automobile passed the street-car just as it came to a stop on the west side of Mott Street, and it is urged that if Catherine McMullen had looked for an automobile she would have seen the defendant's car before she stepped off of the street-car. But the plaintiffs both testified that they looked in the direction from which the automobile came before starting across the street, and also when they were in the middle of the street-car track, and that they did not see the automobile driven by the defendant. Defendant admits that he did not sound a gong or give any warning signal. He testified that he saw the plaintiffs when they were approaching, but thought there was no danger and did not sound any warning. The testimony was that the automobile was very close to the car track, probably only about two feet away. The jury found that it was going at a speed in excess of twenty miles an hour. According to the defendant's own testimony, the automobile could not have been seen by the plaintiffs until about the time the street-car stopped on the west side of Mott Street. The testimony of the two passengers upon the street-car was that the automobile passed where they were sitting on the front end of the street-car at the same instant that the motorman rang his gong as a signal for the car to start. It was at this instant, according to the plaintiffs' testimony, that Mrs. McMullen, seeing no danger, stepped off the track to continue her way across the street. When the automobile emerged to view at that time, there was but a distance of less than fifty feet to be covered before it struck the plaintiff. Going at a rate of twenty miles an hour (and the jury found it was going at a greater speed than that) that distance would be covered in about two seconds. In that instant of time plaintiff would have to observe the automobile, realize her danger, think and act upon the thought in step-

ping back. **[2]** Appellant seems to take the position that
it was necessary for the plaintiffs to keep their eyes fixed
in the direction of the street-car, even after they had looked
in that direction and had ascertained that apparently there
was no danger. After looking to the west and seeing no
danger, it was not negligence on the part of Catherine
McMullen to turn and look ahead of her as she proceeded
across the street. Indeed, this was but the natural thing
for her to do. She had a right to expect that an automobile
would not suddenly emerge from a concealed position within
fifty feet of her, going at a speed of over twenty miles an
hour, and without sounding any warning, strike her within
less than fifty feet from the point where it emerged into
view. The language quoted by appellant from the case of
*Niosi* v. *Empire Steam Laundry,* 117 Cal. 257, [49 Pac. 185],
to the effect that a pedestrian crossing the street in a busy
section of the city must look in both directions to ascertain
if vehicles are approaching, is not at variance with our posi-
tion here. If a pedestrian is to look in both directions, he
must, necessarily, after ascertaining the apparent absence
of danger in one direction, shift his gaze. According to the
view of the testimony most favorable to appellant, this was
what occurred in the present case. The testimony of the
plaintiffs is that they looked in the direction of the street-
car and saw no automobile. They were in the middle of the
street-car track when they last looked in the direction from
which the automobile came, and they naturally concluded
to continue across the street. The jury was justified in con-
cluding from the testimony of the plaintiffs and from the
testimony of the passengers on the street-car, that the auto-
mobile appeared in sight after the plaintiffs had looked in
the direction from which it came and, seeing no apparent
danger, had decided to continue their course. The admitted
physical facts and the testimony of the plaintiffs were suffi-
cient, we think, to warrant the jury in finding that there
was no contributory negligence upon the part of Catherine
McMullen.

Our conclusion that the facts here do not establish negli-
gence as a matter of law, but that the question was one for
the jury under all the circumstances in evidence, disposes
of several assignments of error made by the appellant with

reference to instructions refused by the court. The other objections of the appellant we consider to be without merit. The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the district court of appeal on February 5, 1920.

All the Justices concurred.