[Civ. No. 2066.    Third Appellate District.—March 22, 1920.]

## L. F. ROBINSON, Respondent, v. H. B. CLEMONS, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—VIOLATION OF STATE LAW—EVIDENCE—CONTRIBUTORY NEGLIGENCE.—In this action for damages resulting from a collision between an automobile driven by plaintiff and one being driven by defendant, the accident having happened at the intersection of two roads, the evidence showed that, notwithstanding any possible violation by plaintiff of the provi-

---

1. Liability for collision between automobiles at or near corner of streets or highways, note, L. R. A. 1916A, 745.

Violation of statute or ordinance regulating movement of vehicles as affecting violator's right to recover for negligence, notes 12 A. L. R. 458; L. R. A. 1915E, 961.

sions of the Motor Vehicle Act regulating the speed of travel when approaching an intersecting road, neither such violation of law nor any want of ordinary care by plaintiff contributed to the accident.

[2] ID.—SPEED OF APPROACHING MACHINE—PRESUMPTION.—The driver of an automobile about to cross a highway and observing another vehicle approaching on the highway at a distance of from 100 to 150 feet has a right to assume that the driver of the approaching vehicle is not violating all rules of prudence by excessive speed and that he has plenty of time to cross, and act accordingly.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl E. Moss for Appellant.

John A. Galvin for Respondent.

ELLISON, P. J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff in an action for damages resulting from a collision between an automobile he was driving with one that was being driven by the defendant. The accident occurred at the town of El Rio, Ventura County, at about 8 o'clock of the morning of December 24, 1915. At that time the plaintiff was driving in a southerly direction on a crossroad toward the city of Oxnard and the defendant was driving in a westerly direction on the state highway toward Ventura.

We gather from the record that these two roads do not cross each other at a right angle. The highway runs somewhat in a northwesterly direction; the northeast corner of the intersection being at an obtuse angle and the northwest corner an acute angle. The plaintiff was driving at a speed of between twelve and fifteen miles per hour. As he reached the north line of the state highway, he observed the defendant coming toward him at a distance of from 100 to 150 feet. The plaintiff proceeded across the highway a distance of about thirty-five feet when his car was struck by the defendant's, broken and injured, and himself hurt. The defendant's car was also damaged somewhat.

2. Rights and duties of persons driving automobiles upon highways, notes, 13 Ann. Cas. 463; 21 Ann. Cas. 648; Ann. Cas. 1916E, 661.

[1]   It is the claim of the appellant that the plaintiff was guilty of contributory negligence that brought on the injury.   Thus, negligence is predicated on the claim that the state law then in force provided, "that in any event no person shall operate a motor on any public highway at a greater rate of speed than ten miles per hour when the operator's view of the road is obstructed, either upon approaching the intersecting way or in traversing a crossing or intersection of ways."

This charge of excessive speed against the plaintiff by the defendant does not come with very good grace from him, when we consider the speed with which he, himself, was traveling.   The evidence shows that, while plaintiff was traveling thirty-five feet, the defendant traveled 100 or 150 feet.   If the plaintiff with a speed of fifteen miles per hour traveled thirty-five feet while the defendant, approaching a crossing, traveled 100 feet, then the defendant was traveling at the rate of 42.9 miles per hour.   If the distance covered by the defendant was 150 feet, while the plaintiff was going thirty-five feet, as is probable from the evidence, then his rate of speed was 64.2 miles per hour.

But from other considerations, the appellant's position is untenable.

1. The Motor Vehicle Act of 1915 did not go into effect until after this accident.   By its terms it was not to be in effect, as to such matters as are here involved, until December 31, 1915, (Stats. 1915, sec. 22, subd. d, p. 410.)   The act of 1913 [Stats. 1913, p. 639] was in force, but it did not contain any provision similar to the above in the act of 1915. It merely provided, "vehicles approaching an intersecting road, etc., shall be under control of the operator thereof so as to permit vehicles on the right of the vehicles approaching to first cross such intersecting road."

The defendant violated this provision of the act of 1913. The court could well find from the evidence that the speed he was traveling was not such as to keep the car under his control so as to permit vehicles on the right to pass, and he violated it in not giving the plaintiff, who was to his right, the right of way and permitting him to cross in safety.

As to the plaintiff, the court was justified in finding that his speed of from twelve to fifteen miles per hour did not cause the car to be "not under his control."   Again, the

plaintiff's rate of speed did not bring on the collision and injury.

The Civil Code, section 1714, in defining negligence and contributory negligence, uses this language: "Everyone is responsible, not only for the result of his willful acts, but also for all injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully or by want of ordinary care, brought the injury upon himself."

Did the plaintiff, by want of ordinary care, bring the injury upon himself? The court was justified by the evidence in making a finding that there was no want of ordinary care on the part of the plaintiff in approaching the crossing at twelve to fifteen miles per hour. The judge of the lower court stated that he was thoroughly familiar with the scene of the accident. This being so, he knew the width of the intersecting roads, the angle at which they crossed each other and the presence or absence of obstructions to view, and it was for him to decide whether a speed of from twelve to fifteen miles per hour at that particular place was an exhibition of a want of ordinary care on the part of the plaintiff. [2] Anyone, the most careful, about to cross a highway and observing another vehicle approaching at a distance of from 100 to 150 feet would not deem it necessary to stop or to do any particular thing to avoid a collision. He would properly assume and have a right to assume that the other car was not violating all rules of prudence by excessive speed; that he had plenty of time to cross and act accordingly. This would be the attitude of any reasonable man under the circumstances, and, therefore, the plaintiff was not guilty of a want of ordinary care in pursuing his journey. His speed of from twelve to fifteen miles per hour did not cause the trouble. It may be that the slowness of his driving did. Perhaps, if he had been traveling twenty miles an hour instead of fifteen, the accident would have been avoided.

We have examined the evidence and are of the opinion that the findings of the court as to the amount of the damages sustained by the plaintiff have sufficient evidence to support them. We are also of the opinion that there was no

failure to find upon any material issue raised by the pleadings.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1920, and the following opinion then rendered thereon:

THE COURT.—The statement in the opinion that there was no provision in the Motor Vehicle Act of 1913 similar to that contained in the Motor Vehicle Act of 1915, regulating the speed on approaching and intersecting way where the view of the road traffic is obstructed, is apparently erroneous. However, it sufficiently appears that any possible violation of this provision by plaintiff did not contribute to the accident.

The application for a hearing in this court is denied.

All the Justices concurred.