[Civ. No. 104. Fourth Appellate District.—March 31, 1930.]

ARTHUR L. WYNNE, Respondent, v. FRANK N. WRIGHT, Appellant.

18

Ray W. Hays for Appellant.

Logan Lindley and J. Thomas Crowe for Respondent.

MARKS, Acting P. J.—This is an action for damages to personal property arising out of a collision between two automobiles at the corner of Frankwood and Manning Avenues in Fresno County, California, at about 5 o'clock in the evening of February 14, 1928. The case was tried before the court without jury, and judgment was rendered in favor of the plaintiff for the sum of $921.75. The sole question presented on this appeal is whether or not the evidence showed the plaintiff guilty of contributory negligence as a matter of law.

The trial court found in favor of the plaintiff and, therefore, if there is any material evidence in the record sustaining its findings the judgment will not be disturbed here.

The Supreme Court has aptly stated the law of contributory negligence, governing here, in the case of *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513, 515], as follows:

"The law of this state is so well settled that it may be briefly summarized. Contributory negligence is a defense the burden of proving which rests upon defendant. (*Schneider* v. *Market St. Ry. Co.*, 134 Cal. 482 [66 Pac. 734]; *Hutson* v. *Southern California Ry. Co.*, 150 Cal. 701 [89 Pac. 1093].) Therefore in this state it is not incumbent upon the plaintiff—as it is in certain other jurisdictions—to establish affirmatively that he was free from negligence. It is incumbent upon the defendant to establish the existence of plaintiff's contributing negligence. Again,

the question whether or not a plaintiff has been guilty of contributory negligence is usually one of fact for the jury's verdict.

" 'It is only where no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' (*Johnson* v. *Southern Pac. R. R. Co.*, 154 Cal. 285 [97 Pac. 520]; *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268 [72 Pac. 1006]; *Herbert* v. *Southern Pac. Co.*, 121 Cal. 227 [53 Pac. 651].)"

With these rules in mind we will summarize the evidence favorable to the plaintiff and to which we must look to support the judgment, if it is to be supported. That the evidence was conflicting, must be admitted, but as the trial court has resolved all conflicts in favor of the plaintiff, we do not need to lengthen this opinion with a discussion of them.

Plaintiff was an automobile dealer and on the day of the accident had secured a new car in Fresno which he was driving to his place of business in Dinuba. He was proceeding south on Frankwood Avenue and as he approached the north line of Manning Avenue he slowed his car to a speed of not over fifteen miles an hour, at which speed he passed into the intersection and to the point of the collision. At a point on the west half of Frankwood Avenue south of the center line of Manning Avenue his car was struck on its right-hand side by the defendant's automobile. As the plaintiff was approaching the intersection he looked in both directions, but did not see the defendant's car, and did not know of its approach until the collision. The defendant was approaching the intersection at a rate of speed variously estimated at from thirty-five to forty-five miles per hour. At a point on Manning Avenue between forty and sixty feet west of the intersection, the defendant's wife called his attention to plaintiff's car. As to its position at this time, defendant himself testified as follows:

"Q. Isn't it a fact, Mr. Wright, Mr. Wynne was actually in the intersection when you first saw him?

"A. Well, I couldn't tell you definitely, it looked to me, when I first saw him—whether he was closer there or not, I absolutely—

"Q. Wasn't he actually in the intersection when you first saw him; not when your wife first spoke, but when you first saw him, wasn't he right there in front of you?

"A. Yes. Yes, he was, at the time I saw him."

There were skid marks upon the road made by the tires of defendant's car for about forty feet from the point of impact showing that he had applied his brakes for that distance. When the plaintiff was entering the intersection the defendant's car was about 140 feet west of the point of the collision. At the point where plaintiff testified he looked up and down Manning Avenue, there was nothing to obstruct his view of defendant's car, and there was nothing to obstruct the defendant's view of plaintiff's car for more than the last 140 feet of its course before the accident. While the testimony was far from conclusive, it, with the physical facts appearing at the time of the accident, would support the trial court in concluding that the defendant was approaching the intersection at a speed of considerably more than forty miles per hour up to the point where he applied his brakes and partially checked his speed.

Upon the facts which we have stated we are asked to hold that the plaintiff was guilty of contributory negligence as a matter of law and cannot recover. ▉ The defendant invokes the doctrine that for one to look and fail to see that which is in sight is as neglectful as not to look at all. For the purpose of this decision, therefore, we will assume that when he was entering the intersection and looked, the plaintiff saw, or should have seen, the defendant's car 140 feet away from him, approaching from the west. Would this fact be sufficient to charge the plaintiff with contributory negligence? In other words, does the law require a person to stop his car upon reaching an intersection if he sees another automobile approaching from the right at a distance of 140 feet away and permit such other car to pass, and, if he fails to stop, does he subject himself to the charge of contributing to an ensuing accident if the driver of the approaching car keeps on his course and runs the first car down? We do not believe that the law requires any such conduct. If such were the law, picture

the condition at a busy intersection with traffic flowing in all directions. No one could enter the intersection without being guilty of contributory negligence.

Section 131 of the California Vehicle Act in effect at the time of this accident provided in part as follows:

"When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided, such vehicle is traveling at a lawful rate of speed." (Stats. 1925, p. 412.)

Under the language of this statute the plaintiff clearly had the right of way at this intersection (*Lipp* v. *Moon*, 100 Cal. App. 618 [280 Pac. 710]). While the plaintiff was exercising ordinary care in the operation of his car, he had the right to assume that the defendant would also use ordinary care to avoid an accident and would obey the law and yield the right of way at the intersection (*Crabbe* v. *Rhoades*, 101 Cal. App. 503 [282 Pac. 10]).

Besides failing to yield the right of way to plaintiff, which was in itself a violation of law under the circumstances of this case and therefore was negligence *per se,* the defendant's speed, if he was driving at more than forty miles per hour, was *prima facie* negligence *per se.* (*Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045]; *Buzby* v. *Lewis*, 103 Cal. App. 124 [283 Pac. 958].) The physical facts appearing at the time of the accident support the testimony of one witness to the effect that the defendant's speed in approaching the intersection was in excess of forty miles per hour. As we have seen, his tires made skid marks on the roadway for about forty feet preceding the point of the collision. The force of the impact was sufficient to turn plaintiff's car over on its top with its wheels in the air. The defendant's car turned completely around so that when it came to rest it was facing in the direction from which it approached the intersection. The plaintiff's car traveled about forty feet from the point where it entered the intersection to the point of the collision and during the same time the defendant traveled 140 feet or more. The speed of the defendant must have been at least three times that of the plaintiff, and if, as urged by the defendant, the plaintiff was driving at more than fifteen miles per hour, the defendant's speed must have

been considerably in excess of the rate fixed by law. When the plaintiff entered the intersection the distance of the defendant's car from him was such that a reasonably prudent person might have believed that the defendant would see what was in front of him and so control his car as to avoid a collision instead of driving straight into the plaintiff's automobile. (*Commonwealth Ins. Co.* v. *Riverside-Portland Cement Co.*, 69 Cal. App. 165 [230 Pac. 995].)

If, as maintained by the defendant, a duty rested upon the plaintiff to look and see the defendant approaching the intersection, a like duty rested upon the defendant to look and see the plaintiff in the intersection. Because he failed to look, or failed to see the plaintiff in time to avoid running him down cannot excuse the defendant nor relieve him of the duty imposed upon him by law of driving his automobile "at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway," and at such speed as not to endanger the life, limb or property of any person (sec. 113, California Vehicle Act, Stats. 1927, p. 1436).

We are well aware that there is evidence in the record contradicting the facts we have set forth in this opinion. Upon the trial judge rested the responsibility and duty of determining the weight to be given to the evidence, its sufficiency and the credibility of the witness. Where there is a conflict in the evidence there is no reason for disturbing a judgment when, as in this case, it is supported by competent and material evidence.

Judgment affirmed.

Barnard, J., and Beaumont, J., *pro tem.*, concurred.