[Civ. No. 246. Fourth Appellate District.—July 2, 1930.]

JAMES PALMER, Respondent, v. V. H. SCHULTZ, Appellant.

Sweet & Plank for Appellant.

Adam Thompson, Renwick Thompson and Gordon Thompson for Respondent.

MARKS, J.—On the evening of March 7, 1927, respondent was injured in a collision with an automobile operated by appellant, at the intersection of University Avenue and Texas Street in the city of San Diego, California. University Avenue runs in an easterly and westerly direction and has upon it two street-car tracks. Respondent was a passenger upon an east-bound street-car from which he alighted at the intersection of Texas Street just before the accident, at about 7 o'clock P. M. Appellant was driving his automobile westerly on the northerly half of University Avenue. The headlights of his automobile were illuminated. Respondent passed around the front end of the street-car and proceeded northerly across University Avenue where he was struck by appellant's automobile at a point somewhere between the north rail of the northerly street-car track and the curb. He testified that before entering the northerly half of University Avenue he looked both to the east and west and saw appellant's automobile approaching at a distance which he estimated to be from sixty to seventy feet, but

believing he had ample time to cross the street in safety, proceeded on his way. He next saw the automobile just before the collision. The trial court found that the accident was caused by the negligence of appellant and that respondent was not guilty of any contributory negligence. These findings are attacked by appellant. The only question to be determined on this appeal is whether the evidence supports them.

As was said in the case of *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086, 1091]:

"There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law, or of fact. ■ Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury."

■ From the evidence before us it appears that respondent did take some precautions for his own safety, and did look in both directions for approaching traffic on University Avenue before he passed into a position of danger. Under these circumstances the question of his contributory negligence was clearly one of fact for the trial ·court. (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513]; *Scott* v. *San Bernardino Valley etc. Co.,* 152 Cal. 604 [93 Pac. 677]; *Baker* v. *Western Auto Stage Co.,* 48 Cal. App. 283 [192 Pac. 73]; *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203].)

■ Where there is competent evidence in the record, or a reasonable inference from all the evidence, which supports the .findings of the trial court, they will not be disturbed on appeal.

Judgment affirmed.

Cary, P. J., and Ames, J., *pro tem.,* concurred.