[Civ. No. 137. Fourth Appellate District.—September 17, 1930.]

MAYME SITES, Respondent, v. BEN J. HOWREY, Appellant.

Lon A. Brooks and L. N. Turrentine for Appellant.

John Coker for Respondent.

MARKS, J.—Seventh Avenue and Robinson Street are public streets of the city of San Diego which intersect each other at right angles. Seventh Avenue runs north and south and Robinson Street, east and west. Respondent was

injured in a motor vehicle accident in the intersection of the two streets.

On April 27, 1928, respondent was riding in a Ford delivery truck driven by her husband, Charles Sites. They were traveling east on Robinson Street, to and into the intersection. Appellant was driving a Cadillac car south on Seventh Avenue. A collision occurred between the two vehicles at about the center line of Seventh Avenue at about the point of its intersection with the south curb line of Robinson Street produced across Seventh Avenue. The right rear wheel of the Cadillac came into contact with the left portion of the front of the Ford, which was turned over and the respondent suffered injuries which form the basis of this action. A trial was had before a jury which returned a verdict in favor of respondent in the sum of five thousand dollars, which, on motion for new trial, was reduced to three thousand five hundred dollars.

Appellant presents two grounds for a reversal of the judgment. He urges that the evidence shows contributory negligence as a matter of law on the part of respondent, and particularly her husband and that the judgment is excessive.

The question of contributory negligence is one primarily for the jury. In this case the verdict determined this issue against appellant, and if there is any material and competent evidence in the record supporting the verdict, this court cannot set it aside under the well-settled rules of law of this state, regardless of what conclusion the justices of this court might have reached had they been sitting on the jury, or presiding in the court below, had the case been tried without a jury.

A number of witnesses testified concerning the accident and the circumstances surrounding it. As is usual in such cases, there was a sharp conflict in the testimony. With this conflict we are not concerned, as we need consider only the evidence favorable to the respondent to determine whether or not there is evidence in the record sustaining the verdict, which found that respondent and her husband were not guilty of contributory negligence. In our statement of the facts of the case we will only concern ourselves with that portion of the evidence bearing on the question of contributory negligence most favorable to the respondent.

There was a building upon the property at the northwest corner of the intersection which obstructed the view of both drivers so that for the last one hundred feet of their course they did not have a clear and uninterrupted view of the traffic approaching such intersection for a distance of two hundred feet from it. (Subd. 2, sec. 113, California Vehicle Act [Stats. 1923, p. 553].) The Ford in which respondent was riding approached the intersection at a rate of speed of not more than twenty miles an hour, which was reduced to not more than fifteen miles per hour before entering the intersection. The speed was further reduced until the automobile was just moving at the time of the impact. When the Ford was about fifty feet from the intersection, Sites saw appellant's car approaching from his left at a distance of "at least two hundred feet from the intersection". He fixed the speed of the Cadillac at about thirty-five miles per hour at that time. As Sites drove the Ford into the intersection it was close to the south curb line of Robinson Street. After he had entered the intersection, he again saw the Cadillac at a point about thirty feet north from the north line of the intersection at about the center line of Seventh Avenue, which would place appellant between sixty and seventy feet away from the Ford at that time. Appellant had not slackened the speed of his automobile nor changed its direction and it was at this point that the idea that an accident was imminent first entered Sites' mind. He applied his brakes and swerved the Ford sharply to the right. Appellant continued on his course, swerving his car slightly to the left and the two cars came together in the manner heretofore indicated. Respondent left the driving of the Ford to her husband and did not seem to be aware of danger of a collision until about the time it occurred. These facts were disputed by the testimony of other witnesses, but this merely created a conflict in the evidence which was for the jury to settle.

The automobile in which respondent was riding had the right of way at the intersection as it entered it first and was traveling at a lawful rate of speed, with appellant approaching from the left. (Sec. 131, California Vehicle Act.)

The question we are here considering is not a new one. The rule determining what does or does not constitute con-

tributory negligence as a matter of law was clearly stated in *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086]. In the case of *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203], it was said:

"Anyone, the most careful, about to cross a highway and observing another vehicle approaching at a distance of from 100 to 150 feet would not deem it necessary to stop or to do any particular thing to avoid a collision. He would properly assume and have a right to assume that the other car was not violating all rules of prudence by excessive speed; that he had plenty of time to cross and act accordingly. This would be the attitude of any reasonable man under the circumstances, and therefore, the plaintiff was not guilty of a want of ordinary care in pursuing his journey."

We are of the opinion that under the circumstances of this case, showing at best a conflict in the evidence on the points at issue, the question of whether respondent or her husband were guilty of contributory negligence was one for the jury, and that the verdict cannot be disturbed by this court. (*Kienlen* v. *Holt,* 106 Cal. App. 135 [288 Pac. 866]; *Towne* v. *Godeau,* 70 Cal. App. 149 [232 Pac. 1010]; *Truilner* v. *Knight,* 83 Cal. App. 655 [257 Pac. 447].)

The Ford delivery car in which respondent was riding was overturned by the impact and she was pinned under the steering-wheel. Her collar-bone was broken. She had acid burns on her face besides various bruises and contusions on her body and limbs. Besides suffering pain from her injuries for a number of weeks, she also suffered from shock to her nervous system for a number of months. She was not permanently injured. The acid burns were of short duration. She wore a brace on her shoulder for about eight weeks and carried her arm in a sling for about nine weeks. Upon this evidence the appellant asks us to hold that the judgment as finally reduced by the trial judge to three thousand five hundred dollars is excessive.

The rule governing the action of appellate courts when the question of excessive damages is presented is clearly stated in the case of *Hale* v. *San Bernardino Valley Traction Co.,* 156 Cal. 713 [106 Pac. 83], as follows:

"The trial court considered the question of excessive damages and concluded that the sum allowed was not unreasonable. The amount of damages in such cases is committed first to the sound discretion of the jury and next to the discretion of the judge of the trial court, who, in ruling upon the motion for new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just. Upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury'. (*Aldrich* v. *Palmer*, 24 Cal. 516; *Wheaton* v. *North Beach & M. R. R. Co.*, 36 Cal. 591; *Lee* v. *Southern Pac. Co.*, 101 Cal. 118 [35 Pac. 572]; *Howland* v. *Oakland etc. Co.*, 110 Cal. 523 [42 Pac. 983]; *Swain* v. *Fourteenth St. R. R. Co.*, 93 Cal. 185 [28 Pac. 829].)"

In considering this attack by appellant upon the amount of the judgment, this court must resolve every conflict in the evidence in favor of the respondent and must give her the benefit of every inference that can be reasonably resolved in support of her claim. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 273 [104 Pac. 312].) No pattern can be cut to fit all cases alike. Each case differs from every other in its circumstances and must be decided on its own particular facts. Under all of the facts of this case. although the judgment is ample for the injuries suffered, we cannot say that the judgment of three thousand five hundred dollars finally awarded by the trial court is "so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice" in its award (*Hale* v. *San Bernardino etc. Co., supra*).

Judgment affirmed.

Cary, P. J., and Barnard, J., concurred.