[Civ. No. 4162.   Third Appellate District.—February 16, 1931.]

JOSEPH ENZ, Respondent, v. MARY ESTHER JOHNS, Appellant.

J. Hampton Hoge, Len H. Honey and A. Dal Thomson for Appellant.

Martin I. Welsh for Respondent.

JUSTICE Pro Tem. McDANIEL Delivered the Opinion of the Court.—This is an appeal from a judgment for plaintiff in a personal injury case tried without a jury by the court.

The cause of action arose from an automobile collision which occurred at about 4:30 P. M., June 30, 1929, at the intersection of Twenty-seventh Street and S Street, which streets intersect at right angles, Twenty-seventh Street extending north and south and S Street east and west, in the city of Sacramento, California. Plaintiff and respondent was driving his automobile toward the south on Twenty-seventh Street as he approached the intersection. The defendant and appellant approached the intersection from the west on S Street. The machines collided in the intersection at a place on the west side of Twenty-seventh Street, about 7 feet from the west curb line of Twenty-seventh Street and 9 or 10 feet north of the south curb line of S Street, and near the southwest corner of the intersection. When the respondent, at the lawful rate of 15 miles per hour, reached the intersection, he looked to the left for traffic, then to the right, and saw appellant approach from his right at a place distant 75 to 100 feet west of the intersection, driving at an estimated speed of 40 to 45 miles per hour. Plaintiff's car, after the impact, swung to the left, stopping near the southeast corner of the intersection. Plaintiff was thrown to the pavement, receiving the personal injuries of which he complains. The appellant's car after the impact swung to the right and came to rest at the curb line of Twenty-seventh Street, south of the intersection.

Respondent saw appellant's car at all times from the moment he first observed it until the moment of collision. He testified that the brakes on his car were in good order; that, however, he did not apply his brakes because he believed defendant would yield the right of way to him and that defendant had "plenty of time to let me pass her".

There is some conflict in the testimony as to the exact manner in which parts of the respective cars contacted. Respondent did not change his speed of 15 miles per hour, nor did appellant slow down at all from her speed of 40 to 45 miles per hour. The right front wheel of respondent's car was "broken and busted, the axle bent very bad". (Plaintiff's testimony.)

Defendant's car was damaged on the left side, the left front door being curved in, the glass broken, the left-hand wheel "smashed", and the sun visor broken. There is no evidence of the swerving of either car before the impact, each had continued in an undeviating path of travel until after the impact. The physical marks of the collision upon the automobiles, notwithstanding the conflict in the testimony, seem to indicate that appellant's automobile had reached a point, possibly 3 or 4 feet in advance of the right front car wheel of respondent's car.

On cross-examination plaintiff was asked the following questions: "Q. Why didn't you put your brakes on? A. Well, I was going right along, because I think she gave me right of way. Q. You saw her 75 to 100 feet back from the property line going 40 to 45 miles an hour, didn't you? A. Oh, have plenty of room to let me pass her."

The evidence upon the trial supports the court's finding as to defendant's negligence. She was violating the provisions of the California Vehicle Act, sections 113 and 131 (Stats. 1923, pp. 553, 560; Stats. 1927, p. 1436, sec. 30, and Stats. 1925, p. 412, sec. 15), in effect at the time of the accident. The sole question on this appeal is whether or not there is sufficient evidence to support the court's finding that there was no contributory negligence on respondent's part.

The appellant insists that the finding is against the evidence and argues that, "In zeal to establish the negligence of the defendant, the plaintiff has testified to facts which convict him of contributory negligence, as a matter of law. Without slackening his speed for an instant, according to his own story, he drove in a direct line across the intersection, taking no single measure to prevent the accident. Was the plaintiff ordinarily, or in any other wise, prudent, and if so, in what did his prudence consist?"

Appellant cites many cases from other jurisdictions to support her argument, but has cited no California case in point. As to the cited authorities from other states, and we have examined with care every case cited, they need not be discussed nor analyzed in this opinion, though it may be conceded that some are in their facts quite similar to those in the instant case. The Minnesota cases, for instance, spring out of violations of intersection crossing statutes different from the California statutes. The same is true of the Washington case. If it be conceded that any case cited holds that, under the facts of the case here on appeal, no issue of fact, but a sole question of law is presented, it would be opposed to the unbroken line of California cases herein referred to, which are sufficient and must be relied on to determine the simple question presented by this appeal.

Section 131 of the Vehicle Act (Stats. 1925, p. 412, sec. 15) in effect at the time of the accident was as follows, to wit: ''When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed.'' Under that section and legal inferences flowing from it, the respondent was entitled to the right of way in crossing the intersection. He actually had entered upon it when appellant's car was approximately 100 feet distant. The latest expression of the appellate court yet printed in the reports is *Couchman* v. *Snelling*, 111 Cal. App. 192 [295 Pac. 845]. We quote in reverse order herein two paragraphs of this opinion, which we believe in point, and under the cited authorities therein are decisive of the question involved in this appeal:

''Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley*, 100 Cal. App. 53, 60 [279 Pac. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to

slow down in crossing an intersection. (*Whitelaw* v. *Mc-Gilliard*, 179 Cal. 349 [176 Pac. 679].) Whether or not, therefore, plaintiff after observing the approach of defendant's car, its position, and the rate of speed it was traveling and keeping the same within his side vision, was justified in proceeding upon his rightful way across the intersection in advance of defendant presents a question upon which reasonable minds might differ and was therefore one for the jury to determine. (*Johnson* v. *Southern Pac. R. Co.*, 154 Cal. 285, 295 [97 Pac. 520]; *Kienlen* v. *Holt*, 106 Cal. App. 135 [288 Pac. 866]; *Palmer* v. *Schultz*, 107 Cal. App. 94 [290 Pac. 79].)

"The circumstances under which a court can declare that certain acts constitute contributory negligence as a matter of law are rare. (*Swartz* v. *Acme Express and Drayage Co.*, 102 Cal. App. 615 [283 Pac. 358].) It can seldom happen that the question is so clear from doubt that the court can undertake to say as a matter of law that the jury could not fairly and honestly find for the plaintiff. (*Schierhold* v. *North Beach & M. R. Co.*, 40 Cal. 447, 453.) The question is usually one of fact and becomes a question of law only when the evidence is of such a character that it will support no other legitimate inference. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513].) Contributory negligence being an affirmative defense, the burden of proving it is on the defendant. It is necessary, therefore, for him to show that the acts of plaintiff failed to meet some standard of prudence in order to take the issue from the jury as a question of law alone."

■ The testimony on this appeal viewed in the light most favorable to plaintiff, as it must be, shows no affirmative act of negligence on the part of respondent. He had the right of way, was driving at a lawful speed, had almost succeeded in crossing the intersection when the machines collided, and his only legal sin, if any, was one of omission and not of commission.

The situation presents an interesting point for mathematical analysis in determining the question as to what an ordinarily reasonable and prudent person, in respondent's then situation, would or should have done. A car traveling 45 miles per hour covers 66 feet per second. At 15 miles per hour it covers 22 feet per second. In the 1½ seconds

immediately preceding the accident, appellant's car must have been distant from the place of impact and west thereof 99 feet; respondent at the same time, at the rate of his car's speed, was 33 feet north from the same place. Respondent proceeded on his way, notwithstanding appellant's speed, upon the assumption that appellant would yield the right of way. If at the end of the first second after his entrance into the intersection, and he first saw the other car, he had known, or then had reason to realize his assumption was erroneous, he then had remaining 11 feet of space to travel in one-half second of time within which to decide whether or not he should proceed or apply his brakes. At the end of that same second appellant, having just traveled 66 feet, was still 33 feet distant from the place of collision, and respondent believed that appellant had "plenty of room to let me pass her". Evidently appellant tried to pass in front of respondent's car. If she had slackened speed, she probably could have let him pass or have swerved her car to the left and north and passed behind respondent's car. The latter could not well foresee what she might try to do. If she were to retard her speed merely or to try to pass to the rear of respondent's car, the application of the brakes on his car would have been an unwise move. The danger of collision might thereby be enhanced. He did nothing except to keep traveling. The one-half second or even the whole second and a half is a short interval of time; is so short, that an ordinary, reasonable person in such situation might not do the wise thing, or make the right move to avoid an accident.

This computation serves to show that a question of fact as to contributory negligence was presented to the trial court for determination. That court's finding, although upon conflicting testimony, is conclusive on appeal.

The following authorities cited by respondent are all in point in support of this court's conclusion that the judgment of the lower court must be affirmed: *Commonwealth Ins. Co.* v. *Riverside-Portland Cement Co.,* 69 Cal. App. 165 [230 Pac. 995]; *McMullen* v. *Davenport,* 44 Cal. App. 695 [186 Pac. 796]; *Collom* v. *Block,* 70 Cal. App. 33 [232 Pac. 486]; *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203]; *Simonsen* v. *Christopher,* 186 Cal. 788 [200 Pac. 615]; *Gilmore* v. *Los Angeles R. Corp.,* 211 Cal. 192 [295 Pac. 41];

*Sites* v. *Howrey,* 108 Cal. App. 348 [291 Pac. 597]; and *Wynne* v. *Wright,* 105 Cal. App. 17 [286 Pac. 1057].
The judgment is affirmed.