[L. A. No. 11289. In Bank.—September 22, 1931.]

R. LEBLANC, Respondent, v. N. W. COVERDALE, Appellant.

Culver & Nourse, Paul Nourse and Forrest A. Betts for Appellant.

Ben W. McLendon for Respondent.

CURTIS, J.—Action to recover damages alleged to have been sustained by plaintiff in an automobile collision which occurred at the intersection of Atlantic Avenue and San Antonio Boulevard, in the city of Long Beach. Atlantic Avenue runs practically north and south. It is intersected by San Antonio Boulevard at an obtuse angle. Plaintiff was traveling westerly on San Antonio Boulevard and the defendant was traveling north on Atlantic Avenue. When plaintiff was about 50 feet from the intersection he looked to the south and saw defendant's car about 150 feet from the intersection. Plaintiff again looked to the south just as he was entering the intersection and saw the defendant's car 75 feet south of the intersection and traveling at the rate of about 50 miles per hour. Plaintiff then proceeded to cross the intersection, and when he had passed the center line of Atlantic Avenue and while he was in the northwest quadrant of the intersection he was struck by the defendant's car. Atlantic Avenue is 80 feet in width

and San Antonio Boulevard is 60 feet wide. Plaintiff at the time he entered the intersection was traveling about 15 miles per hour, and he testified that he could stop his car while so traveling in 10 to 12 feet. As he entered the intersection he glanced to the north and observed that Mr. Hawks, who was approaching the intersection from that direction, had stopped his car. Plaintiff then proceeded across the intersection and did not see defendant's car after it had entered the intersection until it was within 10 to 12 feet from plaintiff's car. Defendant, both before and after he entered the intersection, was traveling at approximately 50 miles per hour. In approaching the intersection the defendant had passed one or more cars traveling in the same direction as was the defendant. In order for him to pass these cars it was necessary for the defendant to travel on the westerly side of the center line of Atlantic Avenue, and it appears from the evidence that when he entered the intersection and at the time his car collided with the plaintiff's machine the defendant was traveling on the westerly or left side of Atlantic Avenue. The action was tried before a jury and evidence supporting the foregoing statement of facts was introduced in behalf of the plaintiff. This evidence is in some material respects contradicted by that of the defendant. The jury, however, rendered its verdict in favor of the plaintiff and judgment upon this verdict was entered. From this judgment the defendant has appealed on the grounds that the evidence is insufficient to support the verdict and that the court erred in denying his motion for a nonsuit. As defendant's motion for a nonsuit was based upon the contention that the evidence was insufficient to entitle plaintiff to recover, it is apparent that this appeal presents but one question for decision, and that is whether or not the evidence is sufficient to support the judgment.

Defendant makes no contention that the evidence is lacking in respect to his own negligence. As the defendant was traveling across the intersection at the rate of 50 miles per hour, and had been traveling at that speed for some time before reaching the intersection, during most of which time he was traveling on the westerly side of the street and was so traveling at the time of the collision, it is obvious that it would be futile for him to claim that

this evidence was insufficient to support the implied finding of the jury that he was guilty of negligence. Defendant does, however, contend that the evidence, without conflict or contradiction, shows that the plaintiff was guilty of contributory negligence as a matter of law in attempting to cross the intersection after he had observed the defendant approaching the intersection at such a rate of speed as would bring the two cars into collision if both continued across the intersection at the rate of speed at which each was then traveling.

The plaintiff testified that he could stop his machine at the rate of speed he was traveling at the time he entered the intersection within 10 to 12 feet. Atlantic Avenue is 80 feet wide. Plaintiff, therefore, had ample time after entering the intersection to have stopped his car before reaching the center of Atlantic Avenue. As the defendant was traveling on the westerly side of the avenue, if plaintiff had stopped his machine before reaching the center line of said avenue the accident would have been avoided. Under these circumstances the defendant insists that the plaintiff, in failing to stop and permit the defendant to pass over the intersection, was guilty of negligence as a matter of law. ■ Plaintiff, having entered the intersection first, had the right of way over the defendant's car. Even had the two machines approached the intersection at approximately the same time, the plaintiff's machine, as it was to the right of the defendant's, had the right of way over the latter. (Sec. 131, California Vehicle Act [Stats. 1929, p. 541, sec. 55].) It was, therefore, the duty of the defendant to yield the right of way to the plaintiff. (*Crabbe* v. *Rhoades,* 101 Cal. App. 503 [282 Pac. 10]; *Wynne* v. *Wright,* 105 Cal. App. 17, 21 [286 Pac. 1057]; *Couchman* v. *Snelling,* 111 Cal. App. 192 [295 Pac. 845].) Furthermore, the plaintiff as a reasonably prudent person had the right to assume that the defendant would obey the law and yield the right of way at the intersection. In *Wynne* v. *Wright, supra,* at page 21, the court in a case much similar to the present one said: ''While the plaintiff was exercising ordinary care in the operation of his car, he had the right to assume that the defendant would also use ordinary care to avoid an accident and would obey the law and yield the right of way at the intersection (*Crabbe* v.

*Rhoades,* 101 Cal. App. 503 [282 Pac. 10])''; and again, on page 22: ''When the plaintiff entered the intersection the distance of the defendant's car from him (140 feet) was such that a reasonably prudent person might have believed that the defendant would see what was in front of him and so control his car as to avoid a collision instead of driving straight into the plaintiff's automobile.''

In the recent case of *Couchman* v. *Snelling, supra,* the facts thereof show that when the plaintiff therein was about 20 feet distant from the intersection of the streets he observed defendant's car approaching said intersection some 75 feet away, proceeding at a speed of 25 miles per hour. Believing he had time to pass the intersection without danger of a collision he proceeded to cross the same without again looking directly at defendant's automobile. When approximately three-quarters of the way across the intersection his car was struck by the defendant's automobile. In sustaining a judgment in favor of the plaintiff in said action the court declared the law as follows: ''Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley,* 100 Cal. App. 53, 60 [279 Pac. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection. (*Whitelaw* v. *McGilliard,* 179 Cal. 349 [176 Pac. 679].) Whether or not, therefore, plaintiff, after observing the approach of defendant's car, its position, and the rate of speed it was traveling, and keeping the same within his side vision, was justified in proceeding upon his rightful way across the intersection in advance of defendant, presents a question upon which reasonable minds might differ, and was, therefore, one for the jury to determine.''

The two last cited cases are almost on all-fours with the present case. We are satisfied that they contain a correct statement of the law applicable to cases of this type, and that they lay down the only safe rule to be followed by

motorists when crossing over street intersections. To hold otherwise would not only nullify the provisions of the California Vehicle Act giving the right of way to the vehicle first entering the intersection, but would subject the traveling public using our highways to the mercy of reckless motorists who have little regard for the law and less for the safety of their fellow travelers. In this case the plaintiff entered the intersection at a lawful rate of speed and had the right of way at the intersection. He was traveling in a careful and prudent manner. The defendant was 75 feet from the intersection and over 100 feet from the line of travel pursued by the plaintiff. He was then traveling at an unlawful rate of speed and was violating the law in not yielding the right of way to the plaintiff. To hold that under this statement of facts the plaintiff was guilty of negligence as a matter of law would be contrary both to reason and the law as established by the decisions of this state. The question of his negligence was rightly left to the jury, and its determination thereof was, in our opinion, in accordance with the great preponderance of the evidence. Were we disposed to do so we could not, in view of the state of the evidence, disturb the verdict of the jury.

The defendant has cited a number of authorities in support of his contention that the plaintiff was guilty of negligence as a matter of law. All of these cases were decided prior to the three cases which we have cited. In fact, all three of these cases were decided since the appeal of the present action was taken. We will not attempt to differentiate or discuss at length all of the cases cited by the defendant, but only those from our own state. The first case is *Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474 [186 Pac. 631]. In that case the plaintiff was a pedestrian, and attempted to cross the street in front of an approaching automobile. It is quite evident that the facts of that case are so different from those in the present case as to render it of but little aid in the decision of the present case. In the next case, *Grillich* v. *Weinshenk*, 64 Cal. App. 474, at 485 [222 Pac. 160, 164], the court considered an instruction which the appellant contended took from the jury the question of the respondent's contributory negligence. It was held that the instruction was "neither confusing or misleading, nor does it withdraw any question from the

jury". The third case, cited by defendant, is *New York Lubricating Oil Co.* v. *United Railroads,* 191 Cal. 96, 99 [215 Pac. 72]. That case involved a collision between a truck belonging to the plaintiff and one of defendant's cars. The facts thereof were so radically different from those in the present case that the principles of law enunciated therein have little or no bearing upon any question presented on the present appeal. A further case relied upon by defendant is the case of *Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193, 194]. In that case the defendant was first to enter the intersection, and after entering thereon attempted to make a left turn and gave the proper signal of his intention to do so. He ran beyond the center of the intersection and then turned his car to the left, but before he cleared the street his car was struck by a second car proceeding from the opposite direction from which the defendant was traveling before he made the turn. Defendant claimed that he was not negligent. The question of his negligence was submitted to the trial court and decided adversely to him. This court, after a discussion of the facts of the case, stated its conclusion therefrom as follows: "It was, therefore, a question for the trial court to determine upon all of the evidence and the reasonable deductions therefrom whether the defendant, after having seen the approaching machine, continued to exercise the care and prudence which a reasonable man would have exercised under the circumstances. As we cannot say that the trial court reached an unreasonable conclusion, we are bound by its finding of the ultimate fact which determined the proximate cause of plaintiff's injury." When we recall that the sole point made by the defendant in this case is that the question of plaintiff's negligence is a matter of law and not one of fact, we can readily see that the holding of this court in the case of *Donat* v. *Dillon, supra,* affords no support to the contention of the defendant. There may be language used in the opinion in that case which if applied to the facts in the present action would tend to support defendant's position, but that language must be construed in connection with the facts of the particular case in which it was used, or in cases analogous thereto, in order to determine its real effect and purport. It cannot have any controlling effect in a case like the present one, where the

facts are materially different from those in the case wherein the language was used.

The remaining cases, cited by the defendant, are from other jurisdictions. Some of them are readily distinguishable from the present action. Others may be said to enunciate a rule different from that followed by the courts of this state and predicated upon the terms of our own statutes. We do not find anything in any of them, or in any cases of which we have any knowledge, of sufficient persuasive force to cause us to depart from the most salutary rule announced by our own courts, and which we have already discussed and approved.

The judgment is affirmed.

Waste, C. J., Seawell, J., Shenk, J., Preston, J., and Langdon, J., concurred.