[Civ. No. 5372. Third Appellate District.—July 28, 1936.]

OAKLEY H. HARPER, Respondent, v. EDNA L. KNIGHT et al., Appellants.

Duard F. Geis and Milton M. Hogle for Appellants.

E. Vayne Miller and Ralph O. Marron for Respondent.

STEEL, J., *pro tem.*—Defendants appeal from a judgment in favor of plaintiff and respondent in an action for damages for personal injuries. The action was tried by the court sitting without a jury, and a judgment in the sum of $3,000 was rendered.

This appeal presents but one question, viz.: Was plaintiff guilty of contributory negligence as a matter of law?

The facts are simple, and may be briefly stated as follows: The action was the result of an automobile collision occurring at the intersection of Lassen and Laurel Streets, in Willows, California. Respondent was driving easterly on Laurel Street, and as he approached said intersection he observed an automobile traveling southerly on Lassen Street approaching the intersection. Respondent slowed down, shifting his car into second gear, applied the brakes, and brought the car *almost* to a stop, thus permitting the other car to pass through the intersection in front of him. Respondent continued in an easterly direction to cross the street at a speed of approximately three miles per hour. At the time respondent slowed down and shifted into second gear, he observed a milk truck owned by defendant Knight, and being operated by defendant Vieira, also approaching the intersection from the north on Lassen Street, at a distance estimated to be from sixty to one hundred feet from the north curb-line of the intersection, and traveling along the left or east side of the center of the street at a speed esti-

mated by respondent to be between twenty-five and thirty-five miles per hour, and by appellant Vieira, to be fifteen miles per hour. Appellant Vieira did not slacken the speed of his car, but continued along its course and collided with the car of respondent in the southeast quarter of the intersection, causing the injuries complained of.

Appellants contend that the act of respondent in bringing his car almost to a stop before proceeding across the intersection, had the effect of yielding the right of way to the first southbound car, and that the same act indicated he was likewise yielding the same right to the second car; that, therefore, his subsequent act in proceeding across the intersection ahead of appellants' advancing car constitutes negligence as a matter of law.

The cases cited in support of such contention are not in point, the facts being essentially different from those of the instant case. The negligence of the appellant Vieira must be conceded, because of his direct violation of the California Vehicle Act in driving upon the wrong side of the street, and at an excessive speed. Respondent having entered the intersection first, had the right of way over appellants' car, and had the right to assume, as a reasonably prudent person, that the driver of the approaching car would obey the law and yield the right of way at the intersection.

"The circumstances under which a court can declare that certain acts constitute contributory negligence as a matter of law are rare." (*Enz* v. *Johns,* 112 Cal. App. 1 [296 Pac. 115].) The question is usually one of fact, and becomes one of law only when the evidence is of such a character that it will support no other legitimate inference. (*Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237 [116 Pac. 513].)

In *Leblanc* v. *Coverdale,* 213 Cal. 654 [3 Pac. (2d) 312], the Supreme Court in speaking of the defense of contributory negligence in a similar case said: "Defendant makes no contention that the evidence is lacking in respect to his own negligence. As the defendant was traveling across the intersection at the rate of 50 miles per hour, and had been traveling at that speed for some time before reaching the intersection, during most of which time he was traveling on the westerly side of the street, and was so traveling at the time of the collision, it is obvious that it would be futile for him

to claim that this evidence was insufficient to support the implied finding of the jury that he was guilty of negligence. Defendant does, however, contend that the evidence, without conflict or contradiction, shows that the plaintiff was guilty of contributory negligence as a matter of law in attempting to cross the intersection after he had observed the defendant approaching the intersection at such a rate of speed as would bring the two cars into collision if both continued across the intersection at the rate of speed at which each was then traveling. The plaintiff testified that he could stop his car at the rate of speed he was traveling at the time he entered the intersection, within 10 or 12 feet. Atlantic avenue is 80 feet wide. Plaintiff, therefore, had ample time after entering the intersection, to have stopped his car before reaching the center of Atlantic avenue. As the defendant was traveling on the westerly side of the avenue, if plaintiff had stopped his machine before reaching the center line of said avenue, the accident would have been avoided. Under these circumstances the defendant insists that the plaintiff, in failing to stop and permit the defendant to pass over the intersection, was guilty of negligence as a matter of law. Plaintiff, having entered the intersection first, had the right of way over the defendant's car. Even had the two machines approached the intersection at approximately the same time, the plaintiff's machine, as it was to the right of the defendant's, had the right of way over the latter. (Sec. 131, California Vehicle Act, Stats. 1929, p. 541, sec. 55.) It was, therefore, the duty of the defendant to yield the right of way to the plaintiff. (*Crabbe* v. *Rhoades,* 101 Cal. App. 503 [282 Pac. 10]; *Wynne* v. *Wright,* 105 Cal. App. 17, 21 [286 Pac. 1057]; *Couchman* v. *Snelling,* 111 Cal. App. 192 [295 Pac. 845].) In the recent case of *Couchman* v. *Snelling, supra,* the facts thereof show that when the plaintiff therein was about 20 feet distant from the intersection of the streets, he observed defendant's car approaching said intersection some 75 feet away, proceeding at a speed of 25 miles per hour. Believing he had time to pass the intersection without danger of a collision, he proceeded to cross the same without again looking directly at defendant's automobile. When approximately three-quarters of the way across the intersection his car was struck by the defendant's automobile. In sustaining a judgment in

favor of the plaintiff in said action, the court declared the law as follows: 'When a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley,* 100 Cal. App. 53, 60 [279 Pac. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection. (*Whitelaw* v. *McGilliard,* 179 Cal. 349 [176 Pac. 679].)' "

We have examined the record and are of the opinion that the evidence does not show contributory negligence, either as a matter of fact or law, and that the trial court's findings and judgment find substantial support therein.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.