[Civ. No. 3309.   First Appellate District, Division One.—May 7, 1920.]

F. E. KINNEY et al., Appellants, v. JOSEPH M. KING, Respondent.

[1] NEGLIGENCE—RIGHT OF WAY AT STREET INTERSECTION—VIOLATION OF ORDINANCE—CONTRIBUTORY NEGLIGENCE.—Where the traffic ordinance of a city requires that "The drivers of all vehicles must look out for and give right of way to vehicles approaching simultaneously from their right at street intersection," the driver of a vehicle who fails to yield the right of way to the driver·of another vehicle approaching simultaneously from his right at a street intersection, as the result of which a collision occurs and the former is injured, is guilty of negligence as a matter of law directly contributing to his injury which bars recovery, notwithstanding the driver of the other car is guilty of negligence *per se* in approaching the intersection at an excessive rate of speed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. E. Morris and W. I. Gilbert for Appellants.

Duke Stone and Norman S. Sterry for Respondent.

RICHARDS, J.—This is an appeal from an order granting a new trial in an action for damages resulting from an

----

1. Violation of statute or ordinance giving one vehicle right of way as against another as affecting liability for injury, notes 12 A. L. R. 458; L. R. A. 1915D, 1021; L. R. A. 1917D, 693.

automobile collision. The plaintiffs upon the trial of the action before a jury were awarded a verdict in the sum of five thousand dollars damages. The defendant moved for a new trial upon several statutory grounds. The court granted said motion by an order which read as follows: "Defendant's motion for a new trial is granted solely upon the ground that, conceding the evidence given by the plaintiffs to be true, plaintiffs were not as a matter of law entitled to recover."

The plaintiffs have appealed from this order, and upon such appeal urge the single point that the trial court was in error in holding that the plaintiffs were guilty of contributory negligence, which, as a matter of law, would bar their recovery in this action. The respondent maintains that the trial court was right in so holding, and also undertakes to contend that there were certain other errors occurring at the trial which entitled him to a new trial, and devotes much space to a discussion of these alleged errors. We are of the opinion, however, that these matters are not proper subject of discussion upon this appeal in view of the limited form of the court's order in granting the motion for a new trial. We shall, therefore, confine ourselves to the single point urged by the appellants as a ground of reversal upon this appeal.

[1]   The facts of the case, as testified to by the plaintiffs, were these: On the ninth day of January, 1916, the plaintiffs were proceeding in their Ford roadster automobile easterly on West 9th Street, in the city of Los Angeles, approaching the intersection of said street with Lake Street. West 9th Street is fifty feet wide between the curbs. Lake Street is forty-four feet wide between the curbs. At the same time the defendant was proceeding in a Cadillac car northerly on Lake Street approaching its intersection with West 9th Street. There was a retaining wall on the southwest corner of these two streets which would obstruct the view of persons driving easterly on West 9th Street or northerly on Lake Street until each was within a few feet of the respective lines of intersection. The plaintiffs were familiar with the conditions at that particular intersection since they lived but a few blocks westerly and passed there frequently. The plaintiff, F. E. Kinney, was driving his car, and as he came to the point of intersection was travel-

ing at the rate of ten or twelve miles an hour. As he came into view of Lake Street he saw the defendant traveling northerly on Lake Street somewhere between thirty and fifty feet from the line of intersection and going at a rate of from thirty to thirty-five miles an hour. The said plaintiff proceeded across Lake Street, swinging to the left in an attempt to avoid a collision, but failing in this effort since his car collided with that of the defendant at a point east and north of the center of the intersecting square of the two streets, from which collision the injuries resulted which give rise to this action.

The traffic ordinances of the city of Los Angeles, which it was stipulated were applicable to this intersection of these two streets and to the parties to this action, read as follows: "Any person who shall ride, drive or propel, or who shall cause or permit to be ridden, driven or propelled, any vehicle at a rate of speed greater than twenty miles per hour . . . along or upon any street in the city of Los Angeles (outside of certain business districts) . . . shall be guilty of a misdemeanor."

"The driver of every vehicle . . . shall drive such vehicle . . . in a careful manner with due regard to the safety and convenience of pedestrians and of vehicles and cars upon the streets upon which such vehicle or car is driven or operated."

"The drivers of all vehicles must look out for and give right of way to vehicles approaching simultaneously from their right at street intersections."

Under these terms of said ordinances it may be taken as established by the plaintiffs' evidence in the case that the defendant, in approaching the intersection of the two streets in question at a rate of speed exceeding thirty miles per hour, was guilty of negligence *per se,* but conceding this to be true, it must also be admitted, in view of the plaintiffs' own evidence, that when the plaintiff, F. E. Kinney, driving his automobile, approached the westerly line of intersection of these two streets he saw the defendant's automobile traveling at such rate of speed and at such a point on Lake Street as would bring the defendant's car in collision with his own if each proceeded along his respective line of approach at his respective rate of speed across such intersecting streets. This being so, the plaintiffs and the defendant

must be held to have been "approaching simultaneously such intersection" within the meaning and intent of the provision of the ordinance above set forth. It was, therefore, the plaintiff's plain duty under such ordinance to give to the defendant the right of way across such intersection, and this duty would· be rather intensified than diminished by the fact that the defendant was seen by the plaintiffs traveling at an excessive and illegal rate of speed in making his approach to the point of intersection of these two streets, since the ordinance expressly requires drivers in the plaintiffs' position to "look out for" such vehicles as were entitled to the right of way. Clearly the plaintiffs, in attempting to proceed on their way across Lake Street, were, under the circumstances as detailed by themselves, acting in direct violation of the terms of said ordinance when, before entering upon such intersection, they saw the defendant approaching simultaneously such intersection on Lake Street at an excessive rate of speed and having the right of way. The same doctrine which renders the defendant's breach of this ordinance through exceeding the speed limit negligence *per se* renders also the plaintiffs guilty of negligence *per se* in essaying to cross Lake Street in front of the defendant and in disregard of his right of way. The plaintiffs offer as an excuse for their attempt to cross Lake Street in front of the defendant's car that, after seeing him, they would be unable to stop their car in time to avoid a collision; but this excuse is not adequate, since the plaintiffs were bound to so operate their car in making their approach to an intersection across which others had the right of way as to be able to stop within such distance as would permit said right to be ·exercised by those entitled to it and approaching simultaneously the intersection.

The case of *Bullis* v. *Ball,* 98 Wash. 342, [167 Pac. 942], deals aptly with the precise question involved in this case in construing a similar ordinance. It says: "The purpose of the ordinance giving to vehicles moving in a northerly or southerly direction the right of way at street intersections was to prevent collisions, to obviate the very exigency which here arose. It was foreseen that at some time vehicles approaching street intersections would very probably meet and collide. To prevent this the ordinance above referred to was enacted. Its purpose' demands no explanation. It is

quite clear. The rights and duties which it creates are equally clear. The driver on the street running north and south must exercise that degree of care which is ordinarily commensurate with the safety and welfare of others with whom he may come in contact at street intersections. But while it is true that he must exercise ordinary care, the superior right to passage over the intersection is his. It is a right expressly conferred upon him by authoritative enactment, a right which must be observed and respected by others using streets at the points of intersection. This priority of right naturally and necessarily creates a corresponding duty on the part of the traveler using the street running east and west, a duty which consists in the exercise of a degree of care commensurate with the superior right of the person traveling the street running north and south. The duty necessarily implies that the driver of a vehicle on a street running east and west shall slacken speed for the purpose of observing vehicles approaching the intersection on the street running north and south, and should such vehicle be within a reasonable distance of the intersection to await until they have passed before attempting to continue across the intersection. The greater duty and the higher degree of care to be observed in such a situation is upon the person using the easterly and westerly street, if the ordinance in question is to be given any meaning, and any violation of this duty by the person injured which contributes in any appreciable degree to causing the collision in which his injuries are sustained will operate as a bar to his recovery.''

Adopting these views, we are constrained to hold that the trial court was correct in ruling that the plaintiffs, in failing to yield to defendant the right of way under the circumstances of the instant case, were to be held guilty of negligence as a matter of law directly contributing to their injury, and hence were not entitled to recover in this action.

The case of *Whitelaw* v. *McGilliard,* 179 Cal. 349, [176 Pac. 679], relied upon by the appellants, does not present a state of affairs similar to that in the case at bar, since in that case there was evidence showing that the plaintiff who was injured had already entered upon and was nearly across the intersecting street at the time when the defendant ap-

proached it at an illegal rate of speed. It was not, therefore, a case of simultaneous approach.

The case of *Lawrence* v. *Goodwill*, 44 Cal. App. 440, [186 Pac. 781], also presents a dissimilar situation from that disclosed in the case at bar, and does not involve the right of the trial court to determine upon the uncontradicted testimony proffered by the plaintiffs whether their failure to yield to defendant, approaching simultaneously the intersection in question, the right of way across the same was negligence *per se* sufficient to prevent a recovery.

Order affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.