[No. 19456. Department One. December 7, 1925.]

ELISA V. STILES, *Appellant*, v. E. M. CORBETT *et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS (379, 389)—USE OF HIGHWAY—NEGLIGENCE AT CROSSINGS—EVIDENCE—SUFFICIENCY. The negligence of the driver of an automobile which struck a pedestrian on a crossing is for the jury, where there was evidence that he saw the pedestrian in a perilous situation, when she started back to escape from a street car, and failed to give any warning or signal of his approach.

SAME (383, 391)—USE OF HIGHWAY—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN—EVIDENCE—SUFFICIENCY. A pedestrian, caught in a perilous situation between street car tracks, with street cars approaching from different directions, is not guilty of contributory negligence, as a matter of law, in stepping back into the path of an approaching automobile.

Appeal from a judgment of the superior court for King county, Douglas, J., entered June 29, 1925, granting a nonsuit, after a trial before a jury, in an action

[1]Reported in 241 Pac. 294.

for personal injuries sustained by a pedestrian, struck by an automobile. Reversed.

*Wettrick & Wettrick* and *Ralph Lyter Morse,* for appellant.

*Poe, Falknor, Falknor & Emory,* for respondents.

ASKREN, J.—This appeal is from a judgment of dismissal at the close of plaintiff's case, in an action to recover damages for personal injuries. The evidence presented to the jury, and the facts shown by the evidence, or the reasonable inference therefrom, are as follows:

Appellant came to the northwest corner of Spring street and Third avenue, in the city of Seattle; Spring street running east and west, and Third avenue running north and south. Desiring to cross Third avenue from the northwest to the northeast corner, she looked to ascertain the condition of traffic. She saw no automobiles approaching from the north, but saw a street car approximately half a block away. There was, also, a street car coming from the south. Assuming that she had sufficient time to cross the street in safety, she proceeded across the tracks of the southbound street car; but when she had reached a point between the two street car tracks, she noticed that the northbound street car, which she had assumed would stop at the south side of Spring street, was not going to do so, and she felt afraid that, if she continued across the street, she would be struck by it. Hesitating for a moment, she decided she was in a perilous position; that she could not cross the northbound tracks in time nor would she dare attempt to stand between the two street cars as they passed. She then retraced her steps. As she crossed the southbound tracks, the street car was still half a length away. She cleared the street car tracks and had taken about two steps, when she

was struck by respondent's automobile and carried a distance of some twelve feet.

There was also evidence tending to show that respondent saw appellant as she started to retrace her steps from the middle of the street, for she testified that respondent told her after the accident, "I saw you when you turned back." No warning or other signal was given by the automobile before striking appellant. The trial court believed that no negligence upon the part of defendant had been shown, and granted a dismissal of the action.

It is appellant's contention that there was sufficient evidence of respondent's negligence to take the case to the jury, and we think this contention must be sustained. Appellant was struck at a point where pedestrians are granted the right of way by ordinance, and which was the cross-walk on the street. If it be true that respondent saw appellant starting to retrace her steps with a moving street car coming toward her, it must have been apparent that she was crossing the car tracks in an attempt to find a place of safety, and escape from her perilous situation. Having seen her position, it must follow that the failure to give any signal or warning was negligence. There is also evidence showing that appellant was struck before she had been able to take more than two steps past the street car, indicating that no care was taken by respondent to prevent striking her, although it was known that she was coming directly into the path of the automobile.

One other point remains to be considered: Was the appellant guilty of contributory negligence? Respondent relies very largely upon the case of *Deets v. Tacoma Railway & Power Co.*, 128 Wash. 210, 222 Pac. 480, and cases there cited. The rule there announced is that, where one passes from behind or in

front of an object and steps into the pathway of an approaching vehicle without taking any precaution for his own safety, he is guilty of negligence; but we think this rule is not applicable in the instant case, for there is a different factor here than in any of the cases there considered. In each of the cases there cited, the plaintiff had voluntarily walked into a dangerous position. In the present case, appellant found herself in a position of peril which required some action to extricate herself. If, to proceed over the northbound track, would place her in danger of being run over, and to stand between the north and southbound tracks was dangerous, her only escape was to retrace her steps to the west. This she did. Having taken what appeared to be the only avenue of escape from a perilous situation, it cannot be said, as a matter of law, that there was any contributory negligence therein. But it seems to be contended that she placed herself in this position voluntarily, and cannot recover. It will be seen that, before attempting to cross the street to the east, she had taken due notice of approaching traffic. She thought she had sufficient time to cross the street. Whether she made an error in judgment upon this question, or whether, having reached the middle of the street, she could have proceeded on her way without being struck by the northbound street car, and therefore erred in her judgment as to that fact, cannot make her guilty of contributory negligence as a matter of law.

In *Reed v. Tacoma Railway & Power Co.*, 117 Wash. 547, 201 Pac. 783, this question was passed upon as follows:

"Error of judgment is not necessarily negligence. The correct test in cases of this character is, did the person act as a reasonably prudent person would have

acted under similar circumstances? The mere fact that one errs in judgment is not conclusive proof that he did not act as a reasonably prudent person would have acted under like circumstances.''

We think, under the evidence, there was sufficient to take the case to the jury. The judgment is reversed, with instructions to grant a new trial.

TOLMAN, C. J., HOLCOMB, and FULLERTON, JJ., concur.