[Civ. No. 368.  Fourth Appellate District.—June 24, 1931.]

MARTIN FUGELSANG et al., Minors, etc., Respondents, v. H. J. STEINER et al., Appellants.

168

F. W. Docker and Claude Minard for Appellants.

M. F. McCormick and L. N. Barber for Respondents.

JENNINGS, J.—The present action was instituted to recover damages for personal injuries sustained in a collision between an automobile operated by plaintiff Martin Fugelsang and another automobile operated by defendant H. J. Steiner. Plaintiffs were minors and have prosecuted the action through their guardian *ad litem*. At the conclusion of the trial the case was submitted to the jury under appropriate instructions by the court. The jury returned a verdict in favor of each plaintiff. Thereupon judgment was rendered in favor of plaintiffs. From this judgment defendants have appealed.

The record herein presents the following state of facts: On October 17, 1929, respondent Martin Fugelsang was operating a Ford roadster automobile on Braley Avenue in Fresno County. Braley Avenue runs north and south and the Ford roadster was proceeding in a northerly direction. Braley Avenue intersects Kearney Avenue, which runs east and west. Appellant Steiner, an employee of appellant California Northern Petroleum Company, was operating a Studebaker sedan in a westerly direction on Kearney Avenue. At the intersection of the two streets Kearney Avenue is approximately 140 feet wide. There is upon it a central driveway which is graded to a width of 39 feet and oiled in the center to a width of 20 feet. On each side of this central roadway there is a road running parallel to the central driveway. Between the central driveway and each of the parallel roads there is a row of palm, oleander and eucalyptus trees. Braley Avenue is graded to a width of 26 feet south of its intersection with Kearney Avenue and has an oiled surface of approximately 13 to 15 feet wide in

the center. South of the southerly roadway along Kearney
Avenue there is an irrigation ditch and at the southwest
corner of the intersection of Kearney Avenue and Braley
Avenue there was a vineyard whose vines on the day of the
collision had attained a height of from 4½ to 5 feet. The
point of collision of the two automobiles was near the cen-
ter of the intersection of the central driveway of Kearney
Avenue with Braley Avenue. The evidence presented at
the trial indicates that the right front part of appellants'·
Studebaker sedan collided with the right rear side of the
Ford roadster owned and operated by respondent Martin
Fugelsang. As a result of the collision the right rear
wheel and fender of the Ford roadster were crushed and
the rear bumper torn off. The windshield was shattered
and the standards were broken. The steering-wheel and
the top of the radiator were bent down and the right front
wheel broken. The front bumper of the Studebaker sedan
was torn off and the right front fender was crushed. The
right headlight was broken and the right front spring horn
was bent. The speed of the automobiles was variously esti-
mated at from 15 to 35 miles per hour for the Ford road-
ster and from 35 to 55 miles per hour for the Studebaker
sedan as the vehicles approached the intersection. Follow-
ing the collision the Ford roadster came to a stop at about
the northeast corner of the intersection, a distance of ap-
proximately 30 feet from the point of collision. The Stude-
baker sedan came to a stop at a point on the southerly side
of the central driveway of Kearney Avenue and west of the
intersection with Braley Avenue at a distance variously
estimated from 50 feet to 250 feet from the point of colli-
sion. While most of the evidence introduced at the trial
by appellants indicated that the two automobiles came into
the intersection at approximately the same moment, it is to
be noted that appellant Steiner testified that when he first
saw the Ford automobile it was entering the intersection,
at which moment the Studebaker sedan which he was oper-
ating was approximately 20 feet east of said intersection.
The testimony of respondents' witnesses indicates that the
Ford roadster had proceeded into the intersection before
appellants' automobile had come into it. On the point
as to whether the Ford automobile which approached
the intersection on the left of the Studebaker sedan had

entered the intersection prior to the entrance into it of the Studebaker automobile, the evidence is therefore, at most, conflicting.

■ Appellants first contend that the evidence showed that the respondent Martin Fugelsang was guilty of contributory negligence as a matter of law and that therefore the verdict rendered in his favor lacks evidentiary support and that the judgment based on the verdict is contrary to law and that the court erred in denying appellants' motion for a new trial. Counsel for appellants correctly state the rule relative to contributory negligence as a matter of law. It has been so often and clearly enunciated by California courts that its scope and limitations are determined. "Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury." (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 343 [208 Pac. 125, 128].) The above language was quoted with approval in *Flores* v. *Fitzgerald*, 204 Cal. 374 [268 Pac. 369]. It is admitted that the evidence as to the cause of the accident was sharply conflicting. Under such circumstances there is slight possibility of applying the doctrine of contributory negligence as a matter of law. The evidence upon which appellants rely to sustain their contention that the respondent Martin Fugelsang was guilty of contributory negligence as a matter of law is the testimony of Martin Fugelsang himself wherein he stated that he looked to his right as he entered the intersection, saw appellants' automobile about 140 feet to his right approaching the intersection at a speed which he could not estimate, that he then looked to his left and did not again look to the right until appellants' automobile was within three or four feet of his automobile, when he glanced over his right shoulder and saw appellants' car in close proximity to his own. The case of *Kinney* v. *King*, 47 Cal. App. 390 [190 Pac. 834], on which appellants place so much reliance, was one wherein the court had before it the construction of a municipal ordinance providing that the drivers of all vehicles must look out for and give the right of way to automobiles approaching from the right at the street intersections. In its decision the court adverted to the fact *that plaintiff's*

*own evidence showed that when plaintiff F. E. Kinney was approaching the intersection in which the collision occurred he saw the defendant's automobile traveling at such speed and at such a point in the street as would bring it into collision with his own car* and the court said that this being true both parties must be held to have been approaching the intersection simultaneously within the meaning of the ordinance and that the duty therefore rested upon plaintiff to yield the right of way to defendant who was at plaintiff's right. The conclusion arrived at by the appellate court that the evidence of the plaintiffs showed that as plaintiff F. E. Kinney approached the intersection he saw defendant's automobile traveling at such speed and at such a point that if each driver continued to proceed along his respective line of approach a collision would inevitably occur indicates the existence of an important element of fact in view of the language of the ordinance before the court. The evidence in the instant case does not warrant this court in arriving at the conclusion announced in the case cited. Furthermore, we are not here concerned with the interpretation of an ordinance phrased as was the ordinance in *Kinney* v. *King, supra.* �they The statutory law here applicable is to be found in subdivision (a) of section 131 of the California Vehicle Act (Stats. 1923, p. 560), as amended by Statutes of 1929, p. 541, sec. 55, which reads as follows: ''The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right.''

This was the state law applicable to the situation presented in the instant case which was in effect at the time of the collision. Under it the right of way at street intersections is given to the vehicle which first enters the intersection. It is only in those cases in which the two vehicles actually enter the intersection at the same time that the rule that a driver on the left shall yield to a driver on the right applies. ▎ An important and vital feature therefore of the present action, and so recognized throughout the trial, is a determination of whether the Ford automobile operated by respondent Martin Fugelsang entered the intersection prior to the entrance into it of the Studebaker sedan operated by appellant

Steiner. Since the evidence respecting this feature was in conflict, the jury's determination of the fact is controlling unless this court can discover from the evidence presented and inferences reasonably deducible therefrom, that the jury's determination was manifestly incorrect. It is argued that, accepting as correct the testimony of respondents and their witnesses as to the speed of the two automobiles and the distance of appellants' automobile from the point of collision when it was first observed by respondent Martin Fugelsang, the inherent improbability of Martin Fugelsang's testimony is apparent and it is said that this tends to substantiate appellants' testimony that each car entered the intersection at the same time, traveling at approximately the same rate of speed. To arrive at this conclusion there is involved a mathematical calculation wherein certain factors are assumed as definitely fixed. We must, for instance, assume that appellants' automobile was 140 feet from the point where respondents' automobile was when Martin Fugelsang first observed it and this latter point must be taken as definitely fixed. Furthermore, we must be able to assume a definite rate of speed at which each automobile was traveling. But the testimony relating to these different factors is in conflict. Appellants' witnesses fix the speed of appellants' automobile at from 30 to 35 miles per hour as it approached the intersection and the speed of respondents' automobile at approximately the same rate. Respondents' witnesses place the speed of the Ford automobile at 15 miles per hour approaching the intersection and a decrease in this speed in the intersection and estimate the speed of appellants' automobile at from 35 to 55 miles per hour. The estimate of respondent Martin Fugelsang that appellants' car was 140 feet distant from his own when he first observed it is an estimate and nothing more. It is therefore obvious that too many facts are in dispute to arrive at a determination of the problem by mathematical calculation. These disputed facts were necessarily resolved in respondents' favor by the jury who heard the testimony of the witnesses who testified during the trial. Upon the jury rested the duty of determining the weight to be given to the evidence, its sufficiency, and the credibility of the witnesses.

It is, however, urged that, although it be conceded that respondent Martin Fugelsang had the right of way,

he was not entitled to recover, because his own undisputed testimony shows that, having first looked. to the right as he entered the intersection and having seen appellants' automobile approaching the intersection, he then looked away and to his left and did not again look to the right until it was too late to avoid the collision that ensued. This failure to look longer to the right is said to constitute negligence which contributed to the collision and bars him from recovery. But as we are now proceeding on the hypothesis that the testimony of Martin Fugelsang is correct we must assume that it was correct in its entirety and therefore assume not only that Martin Fugelsang looked once to his right, but also that his estimate that appellants' automobile was 140 feet away was correct. If his estimate of the distance was correct respondent Martin Fugelsang was then entitled to assume that appellants' automobile was traveling at a lawful and prudent rate of speed and under such control that it could be slowed down or if necessary brought to a stop, to enable respondent to proceed through the intersection with safety (*Robinson* v. *Clemons*, 46 Cal. App. 661, 664 [140 Pac. 203]; *Carbaugh* v. *White Bus Line*, 51 Cal. App. 1 [195 Pac. 1066]; *Whitelaw* v. *McGilliard*, 179 Cal. 349 [176 Pac. 679]). Under such circumstances, respondent was under no duty to give further heed to appellants' automobile.

Finally, it is contended that respondent Ellen Fugelsang is not entitled to recover because, according to her own testimony, she was reading a book as the automobile in which she was riding as a guest proceeded into and across the intersection. This failure on her part to look and to warn her brother Martin Fugelsang is said to constitute negligence which contributed to the collision and to the injuries for which she claims compensation. If, as counsel for respondents point out, it be conceded that Ellen Fugelsang was negligent in failing to look, this alone does not bar her from recovery, for it was incumbent upon appellants to show that her dereliction in this regard contributed proximately to the collision. (*Carroll* v. *Central Counties Gas Co.*, 96 Cal. App. 161 [273 Pac. 857, 274 Pac. 594]; *Curran* v. *Earle C. Anthony, Inc.*, 77 Cal. App. 462 [247 Pac. 236]; *Bolles* v. *Boone*, 66 Cal. App. 238 [225 Pac. 775].) We may speculate and conjecture that if respondent Ellen Fugelsang had

looked up from the book which she was reading she would have seen appellants' automobile approaching and that if she had continued to look she might have been able to foresee that appellants' automobile would collide with the Ford automobile in which she was riding in sufficient time to enable her to warn the driver seated by her side so that he might have avoided the collision. But we here enter upon a field of clear speculation and conjecture not justified in view of appellants' failure to sustain the burden of showing not only that she was negligent but that her negligence proximately contributed to the happening of the collision in which she suffered the injuries for which the jury awarded her damages (*Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621 [221 Pac. 376]; *Basler* v. *Sacramento Gas & Elec. Co.*, 158 Cal. 514 [Ann. Cas. 1912A, 642, 111 Pac. 530]).

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.