[Civ. No. 11580. First Dist., Div. One.—July 2, 1941.]

CAROLINE MYTINGER, Respondent, v. MRS. W. B. WEIR et al., Appellants.

Hoge, Pelton & Gunther and A. Dal Thomson for Appellants.

Ross & Ross and Theodore M. Stuart for Respondent.

WARD, J.—This is an action to recover damages for personal injuries received in an automobile accident. The appeal is by defendants Mrs. W. B. Weir and her chauffeur Leon Darras from an order granting plaintiff's motion for a new trial following a jury verdict in their favor. The motion was granted upon the ground of the insufficiency of the evidence to sustain the verdict, the court specifically finding that ''The evidence is insufficient to justify or warrant the jury's implied finding that the plaintiff was guilty of contributory negligence.''

Plaintiff, accompanied by guests, was driving her station wagon north on the highway known as ''The Alameda'' in San Mateo County. Defendant Darras, operating his employer's car, was driving west on Stockbridge Avenue which intersects the said highway at approximately a right angle. A third car, driven by a Mr. Peterson, along The Alameda

was approaching the intersection from the north. A collision at the intersection between plaintiff's car and that being driven by Darras threw the former across the highway sideways where it came into contact with the front end of the Peterson car. Peterson was named as a defendant in the action, but the case was dismissed as to him before the end of the trial.

█ Under the specification contained in the order granting a new trial, the only question necessary to consider on appeal is whether the evidence shows that plaintiff was guilty of contributory negligence as a matter of law, and whether there was thus an abuse of discretion by the trial court in granting the motion upon the specified grounds. (*Hall* v. *Desser*, 8 Cal. (2d) 29 [63 Pac. (2d) 809].) █ Some of the citations relied upon by appellants would be applicable were the purpose of this review to ascertain whether there was any evidence to sustain the verdict, but on an appeal from an order granting a new trial the test is whether there is a conflict upon a material issue. If so, the action of the trial court is conclusive on appeal. (*Bonner* v. *Los Angeles Examiner*, 17 Cal. App. (2d) 458 [62 Pac. (2d) 427]; *Gallardo* v. *Luke*, 33 Cal. App. (2d) 230 [91 Pac. (2d) 211].)

█ The main question raised by appellants is as follows: "Is it contributory negligence as a matter of law for a motorist to drive across an obstructed intersection without taking any observation of traffic coming from the right and with a vehicle thus coming from the right possessing the right of way, at a rate of speed in violation of the Motor Vehicle Code and in deliberate avoidance of any observation of such traffic until both machines are in the intersection, and a few feet apart?" If such facts appear undisputed in the record, at least collectively, an affirmative answer must be given.

Certain contradictions appear in plaintiff's testimony, a matter for the trial court to consider, but the record discloses and the physical facts show that the collision between the station wagon and the car driven by Darras occurred in the northeast quadrant of the intersection, the front of the appellants' car colliding with the right side of the station wagon toward its rear.

Defendant Peterson testified that as he approached the intersection "I saw some cars come together. I had looked ahead temporarily, I suppose either to the right or left and

when I looked up again, I saw a collision''; that the noise was "loud" and "appalling"; "I saw the station wagon lifted in the air. . . . The station wagon was propelled, by the force of the collision, right across my right-of-way, and it smashed the front of my car. I was over as far as I could get, on my right-hand side. I had not reached the edge of Stockbridge when I was smashed, that is the edge of the pavement." Plaintiff testified that she "didn't know that country very well"; that when she was about one-tenth of a mile away she did not know she was approaching an intersection, but that she saw appellants' car as she "entered the intersection" at a speed of eighteen to twenty miles an hour; that it was at least twice as far away from the intersection as her car. Appellants contend that this evidence is valueless, but the circumstances of entry into the intersection, including the question of right of way, together with the opportunity of observing cars approaching the intersection—matters on which the evidence is conflicting—and the position of a stop sign were questions for the trial court to decide. At least there is sufficient uncertainty and conflict in the evidence and the inferences to be drawn therefrom, particularly the propriety of plaintiff's action in accelerating the speed of her car after entering the intersection and immediately before impact, to preclude a reviewing court from disregarding the substantial evidence offered by respondent. The trial court had an opportunity to weigh the conflicting evidence, with due regard to the manner and appearance of the witnesses, etc., and to determine therefrom whether in view of all the evidence in the case a new trial was justified. (*Gallardo* v. *Luke, supra*.)

In *Henderson* v. *Braden*, 35 Cal. App. (2d) 88 [94 Pac. (2d) 625], relied upon by appellants, the defendant stopped his truck at an intersection, and when proceeding onward in conformity with traffic regulations decedent's car was hit by the truck. A jury returned a verdict for defendant. A motion for a new trial was granted in general terms. On appeal it was presumed that the order was not based upon the ground of the insufficiency of the evidence. It was contended that the decedent was guilty of contributory negligence as a matter of law. In the present case, plaintiff testified that when she first saw appellants' car it was twice as far away from the intersection as hers; that her attention was imme-

diately directed to the Peterson car, and that before she could apply the brakes she was hit by appellants' machine. The possibility of seeing a stop sign, the speed of the cars and the matter of which car entered the intersection first were disputed questions of fact. The facts in the two cases are not analogous. In addition, the motion for a new trial in the present case was granted upon the ground of the insufficiency of the evidence. It is only necessary, in order to sustain the order, to find a substantial conflict on the issues involved in the evidence. In *Henderson* v. *Braden* it was held that plaintiff was guilty of contributory negligence as a matter of law.

Newly discovered evidence and misconduct of counsel for appellants were also urged as grounds for a new trial. In view of the conclusion reached on the main issue, consideration of the additional grounds becomes unnecessary.

The order appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied August 1, 1941, and appellants' petition for a hearing by the Supreme Court was denied August 28, 1941.