[Civ. No. 8574.   Third Dist.   June 13, 1955.]

JAMES W. GAULT, Respondent, v. ALLAN C. FREITAS
et al., Appellants.

Jones, Lane, Weaver & Daley and David Lane for Appellants.

C. Ray Robinson, W. W. Gudmundson and Robert T. McCartney for Respondent.

VAN DYKE, P. J.—This is an appeal from the order granting a new trial in a personal injury action.  The grounds of the order were errors in law occurring at the trial and insufficiency of the evidence to sustain the jury's verdict in favor of the defendant.  The sole question urged on appeal, however, is that plaintiff-respondent was guilty of contributory negligence as a matter of law.  Appellants concede that their appeal is without merit if respondent's conduct was such as to leave the issue of contributory negligence to be solved by the jury as a question of fact.

The accident out of which this action arose occurred in Stanislaus County at the intersection of Eastin and Orestimba Roads.  The day was clear and dry, but considerable dust was being raised by trucks traveling on Eastin Road,

which road was under construction. The respondent was driving a flatbed truck south on Eastin Road. A truck and trailer unit being operated by appellant Allan Freitas was proceeding east on Orestimba. Neither driver saw the other until an instant before the impact. It is conceded that the evidence would support a conclusion that Freitas was guilty of negligence which proximately caused the accident. However, appellants maintain that respondent was guilty of contributory negligence as a matter of law; that he failed to exercise any degree of care in looking for approaching traffic and drove blindly into the intersection. The record does not support this charge. Respondent testified that when he was within 30 feet of the intersection he was traveling at a speed of about 15 miles an hour; that at that point he looked to his right down Orestimba Road, but did not observe appellants' oncoming truck and trailer. He could see, he said, for approximately 100 feet west on Orestimba and no vehicle was within that distance of the intersection. Beyond that he said he could not see, due to dust drifting from Eastin Road across Orestimba and obscuring his vision. Respondent testified he did not again look to his right before entering the intersection. From these facts it cannot be held as a matter of law that he was guilty of contributory negligence. Having made his observations when and as he did, it cannot be said as a matter of law that he was required to look again as he traversed the last 30 feet. He was not obligated to keep a constant watch to his right. (*Senegram* v. *Groobman,* 30 Cal.App.2d 514, 515 [86 P.2d 859].) The jury could find that it was reasonable for respondent to assume that he had right of way over the driver of any vehicle on Orestimba Road which was approaching the intersection through the dust cloud, and was more than 100 feet away when respondent was within 30 feet of that intersection; and that such driver would, before entering the intersection, observe his truck and yield the way to it. (*Fugelsang* v. *Steiner,* 115 Cal.App. 167, 174 [1 P.2d 553].) Whether or not under all the circumstances respondent was under a duty to again look to his right at some point closer to the intersection than 30 feet was a question of fact and not of law. (*Hill* v. *County of Fresno,* 140 Cal.App. 272, 275-278 [35 P.2d 593]; *Mytinger* v. *Weir,* 45 Cal.App.2d 698, 700-701 [115 P.2d 18].) It follows that the trial court did not abuse its discretion in granting a new trial.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.