[Civ. No. 9307. First Appellate District, Division Two.—April 27, 1934.]

DOROTHY HARRISON, Respondent, v. OTTO MIKELSON, Appellant.

Roland W. Schoettler and E. Foster Brigham for Appellant.

Entenza & Gramer for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for injuries suffered in an automobile collision. The defendant answered denying certain allegations contained in the complaint and pleading contributory negligence of the plaintiff. The trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

The defendant makes several points but they are but different methods of asserting that the plaintiff was guilty of contributory negligence. The record discloses that on the ninth day of August, 1929, the plaintiff was driving an Essex coach and some members of her family were riding with her. They were driving westerly along Riverside-Redondo Boulevard in Los Angeles County. They continued their course until they reached Main Street, which crossed their path at right angles. The plaintiff testified that she reached a point where the east line of Main Street if extended would cross the street on which she was driving. As she approached that point she slowed down until she

was traveling about five miles an hour. She looked to the left and there was no traffic; she looked to her right and could see the defendant's car some distance back of a tree that stands in or near Main Street. At the time of the trial it was stipulated that the tree was two hundred and fifty feet north from the northerly line of Riverside-Redondo Boulevard. The plaintiff estimated that each of said streets is sixty or seventy feet wide. The street is paved in the middle. The paved portion is about forty feet wide and on each side there is a gravel border. When the plaintiff observed the defendant she thought he was driving approximately thirty-five miles an hour. Assuming that the defendant would obey the law the plaintiff proceeded to cross the intersection. As she did so she increased her speed first to twelve miles an hour and then to fifteen miles an hour. As she did so she changed her gears from second to high. At about the time she was in the middle of the street she again observed the defendant approaching without having reduced his speed, and at that time he was approximately one hundred and twenty-five feet from her. When, as she contended, her car had proceeded to a point where the front end was across the paved portion of the highway and merely the rear end of it was on the paved portion, the defendant's car continuing forward collided with the right-hand end of her rear bumper. The force of the impact was such as to cause plaintiff's car to swerve to her right and at the same time turn over on its left-hand side. Having done so the front end rested within the border of the lot on the northwest corner of the intersection and the rear portion rested on the street south of the north property line on Riverside-Redondo Boulevard. The plaintiff testified to facts showing there were no obstructions preventing the plaintiff from seeing the defendant, or preventing the defendant from seeing the plaintiff at the time the plaintiff's car reached the intersection. The record also discloses that the northeast corner of the intersection was occupied by a gas station. The improvements thereon were so located that they did not obstruct the view from points on Main Street to points on Riverside-Redondo Boulevard except at points a considerable distance back.

In contending that the plaintiff was guilty of contributory negligence the defendant calls attention to some evidence in the record to the effect that as the plaintiff reached the east line of Main Street there was a stop sign immediately to her right. Thereupon the defendant claims the plaintiff was guilty of contributory negligence because she violated an ordinance of the board of supervisors of Los Angeles County. The point is not supported by the record as there is no evidence in the record that an ordinance has been adopted by the board of supervisors of Los Angeles Coun'--. True it is that under chapter 253 of the Statutes of 1929 authority now exists for the erection of stop signs by the department of public works, but that statute was not in force at the time this accident happened. We are here concerned with the provisions of the California Vehicle Act as they existed on the ninth day of August, 1929. Those provisions are set forth in Deering's Consolidated Supplement 1925–1927 at page 1509.

The defendant cites and relies on California Jurisprudence Supplement 1928, ''Automobiles'', section 106, and cases there cited. An examination of those authorities discloses that they are not applicable to the facts of this case. When the plaintiff proceeded to enter the intersection the record discloses that she was exercising all proper care. She was not bound to presume that the defendant would violate the law. In 19 California Jurisprudence, 596, the rule is stated as follows: ''One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty on the part of another.'' (See, also, *Crabbe* v. *Rhoades,* 101 Cal. App. 503, 519 [282 Pac. 10]; *Leblanc* v. *Coverdale,* 213 Cal. 654, 657 [3 Pac. (2d) 312].)

As recited above the defendant in his answer pleaded the contributory negligence of the plaintiff. In finding number 9 the trial court found the facts against the defendant. In finding number 7 the trial court found that the injuries suffered by the plaintiff did not arise out of and were not caused by her acts of contributory negligence. Continuing, the last clause of the finding is that plaintiff was not guilty of any contributory negligence whatsoever. The defendant objects to finding number 7. We think it

is clear that the contention is but a different presentation of the point we have just discussed.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.